## STEVENSON *v.* McDONALD.

### Opinion delivered December 9, 1905.

CERTIORARI—REVOCATION OF LIQUOR LICENSE—PRACTICE.—If certiorari be the proper remedy to quash a judgment of the county court revoking a liquor license for violation of an agreement of the licensee with the county court not to sell liquors on Sunday, the evidence·which was adduced in respect to such agreement should be made part of the record, in order that it may be determined whether the county court had authority under the agreement to revoke the license.

Certiorari to Sebastian Circuit Court; STYLES T. ROWE, Judge; petition dismissed.

*Ira D. Oglesby,* for petitioner.

The county court having exceeded its jurisdiction, the circuit court acquired none on appeal. In such case certiorari lies. 29 Ark 173; 38 *Id.* 159. Where jurisdiction is conferred by special statute, which is to be exercised in a special manner, no presumptions as to its jurisdiction will be presumed. 57 Ark. 483, and cases cited. Defects in complaint, not supplied by the answer, are not cured by judgment. 24 Ark. 602.

*H. C. Mechem, W. R. Martin* and *F. A. Youmans,* for respondent.

Having jurisdiction of the subject-matter under the statute, and acquired jurisdiction of the person of petitioner by his application for license, the county court had the right to retain jurisdiction by agreement. Certiorari can not be used as a substitute for appeal. Certiorari may be refused, even where no laches on·part of petitioner is shown, and errors are apparent in the record, if the judgment on the whole appears to be right. 52 Ark. 215; 23 Ark. 110.

BATTLE, J. Ike Stevenson applies to this court for a writ of certiorari, commanding the clerk of the circuit·court for the Fort Smith District of Sebastian County to transmit to this court a certified transcript of all the proceedings mentioned in his application, and to quash, vacate and set aside the judgment of that court revoking his license to sell liquor in the city of Ft. Smith, in that county, in the year 1905; and filed a transcript of such proceedings, which is certified by said clerk, and admitted and received by all parties as correct. From this transcript it appears that A. A. McDonald signed, swore to, and filed a com-

plaint or petition in the Sebastian County Court for the Ft. Smith
District of that county, in which he stated as follows: "That
he is a citizen and taxpayer in the said county and district, and
as such is interested in the good morals of, and the enforcement
of law in, said district; that said Ike Stevenson did, upon
the 9th day of January, 1905, file an application to the county court
for said district to sell liquor in said city of Ft. Smith, said county
and district; that attached to said application was an agreement
that said Ike Stevenson would not violate the laws of the State of
Arkansas by allowing gambling in his said place of business, nor
by selling liquor on Sunday; that license was issued to said Ike
Stevenson upon his having signed said agreement; and that Ike
Stevenson has violated said agreement in that he has, contrary
to law, kept his said saloon open to afford ingress and egress,
and has sold on Sunday beers and liquors of various kinds at
various times, and particularly on Sunday, June 25, 1905; and
asked that such license be revoked." Thereupon a summons,
directed to the sheriff of Sebastian County, commanding him to
summons Ike Stevenson to appear before the Sebastian County
Court for the Ft. Smith District, on the second day of November,
1905, to show cause why his saloon license should not be revoked,
according to the petition of A. A. McDonald, was issued.

The summons was served, and Stevenson, after filing several
motions and a demurrer, which were overruled, answered and
alleged that the agreement refered to in said petition or
complaint of A. A. McDonald was not voluntarily signed by him,
but was signed under protest and coercion; that he presented a
proper and legal application, as required and provided by law, to
obtain a license as a retail liquor dealer, but the county judge
refused to grant him license unless he would sign the said agree-
ment; that defendant protested that he had fully complied with
the law, and was entitled to license, but was informed by the court
that it would be refused him unless he signed the said agreement,
and, being so coerced, signed the same. And, further answering,
defendant denied that he did on the 25th day of June, 1905,
contrary to law, keep his said saloon open to afford ingress and
egress thereto, or that on Sunday, June 25, 1905, he sold beers
or liquors.

14

This cause came on to be heard by the county court, evidence was adduced, and the court found "that the allegations in said petition to revoke the saloon or dramshop license of Ike Stevenson are true; that the defendant, Ike Stevenson, did upon the 31st day of December, 1904, file his said application in the county court to keep a dramshop at No. 8 North Sixth street in the city of Fort Smith for the year ending December 31, 1905; and that at the same time he voluntarily filed his written agreement that, if he should violate the laws regulating the sale of intoxicating liquors on Sunday, he would consent that his license to keep said dramshop should be revoked; that pursuant to said agreement, which was required of all applicants, a license was issued to the defendant, which contained the condition that, if he should violate his said agreement or the laws of Arkansas regulating the sale of intoxicating liquor, his said license should be revoked; that, contrary to the law and his express agreement and promise to the county court and to the conditions upon which his said license was issued and accepted, the defendant did, on Sunday, the 25th day of June, 1905, keep open his said saloon or dramshop, thereby affording ingress and egress thereto, and did on the same day sell intoxicating liquors;" and the court revoked his license.

Stevenson appealed to the circuit court, and there renewed his motions and demurrer, which were overruled. The cause then came on for hearing, and was heard upon the evidence adduced by both parties, and the court found that the defendant, Stevenson, "did on Sunday the 25th day of June, 1905, keep open for ingress, and egress his place of business where he had license to retail liquors, and did, on said day, at the said saloon and his place of business, sell vinous, malt and spirituous liquors, and that his license should be revoked;" and revoked his license.

Without deciding whether an appeal is the proper remedy in this case, and assuming that a petition for certiorari is appropriate, we find that the record failed to show that petitioner is entitled to that relief. He insists that the complaint filed by McDonald, his answer to the same, and the judgment of the court, do not show that the county court had jurisdiction. In this case the record shows that evidence was adduced in the county and circuit courts, but does not show what it was. It is alleged in the complaint of McDonald that the license to Stevenson was upon

an agreement he made with the county court, and that he had violated it. The county court found from the evidence that these allegations are true, and that it was stipulated in this agreement that, if he violated it, his license should be revoked by the county court. It does not appear that it was or was not agreed what proceedings should be had in order to revoke the license as in *Belt* v. *Paul, infra,* p. 211. If the agreement provided what proceedings should be had to revoke the license, it seems that that ought to be sufficient, as he certainly knew the terms of his agreement, and would have the right to waive any statement as to its contents. As the proceedings in the county and circuit courts, and the jurisdiction to revoke, obviously depended upon the agreement, all the evidence in respect thereto adduced ought to be made a part of the record and shown, in order to enable us to determine whether the county court had jurisdiction in the premises. *Los Angeles* v. *Young,* 118 Cal. 295; *Stone* v. *Miller,* 60 Iowa, 243; 4 Encyclopedia of Pleading & Practice, pp. 262-265 and cases cited; 6 Cyc. 827.

This does not appear in the petition, and it is therefore dismissed.