**Ray C. McCarthy, Appellee, v. Joseph P. Geary et al., Appellants.**

**Gen. No. 28,229.**

1. CERTIORARI—*transcribing reporter's shorthand notes of testimony at hearing as "subsequent proceedings."* It was error to strike from the return in certiorari a transcript of the testimony taken on the hearing of charges against a city patrolman before the Civil Service Commission, as "subsequent proceedings" or "matters dehors" the record, where such transcript was prepared by the stenographic reporter from his shorthand notes taken at the time of the hearing, even though the actual transcribing and certification was done after service of the writ on the commissioners.

2. CERTIORARI—*sufficiency of return to show that witnesses were sworn in proceeding under review.* It was error to strike from a return in certiorari pages of the transcript of testimony in the proceeding sought to be reviewed, on the ground that it did not show that the witnesses were sworn, where the finding of the commission, whose acts are under review, appearing as part of the return shows that they were sworn.

3. CERTIORARI—*transcript of testimony in return sufficient without signatures of witnesses.* A return on certiorari to review the proceedings of a Civil Service Commission in a hearing of charges against a city patrolman is sufficient without the signatures of the witnesses in the transcript of the testimony given by them at the hearing.

4. CERTIORARI—*striking irrelevant "informative matters" from return as error.* It is error to strike from the return in certiorari to review the proceedings of a Civil Service Commission in the hearing of charges against a city patrolman, parts of the proceedings consisting of papers, records and files with reference to the case in the keeping of the commission, which are not strictly relevant or responsive, where they are "informative matters" which add to an intelligent understanding of the proceedings.

Appeal by defendants from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed May 28, 1923.

SAMUEL A. ETTELSON, for appellants; GILBERT G. OGDEN, of counsel.

A. D. GASH, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Ray C. McCarthy, petitioner, having been discharged from the service as patrolman of the City of Chicago, petitioned the circuit court of Cook county for a writ of certiorari ordering the respondents, who are Civil Service Commissioners of the City of Chicago, to file a copy of their proceedings and judgment in and by which petitioner was discharged. The writ was issued and return made thereto. Thereupon the petitioner, by his attorney, moved to strike certain pages from the return of the respondents. On behalf of the respondents a motion was made to quash the writ of certiorari. The court granted the motion of the petitioner and struck from the return certain designated pages, denied the motion to quash the writ and granted the motion of petitioner to quash the

proceedings of the Civil Service Commission set out in the return, and it was ordered that the proceedings of the commission culminating in the discharge of the petitioner should be quashed and held for naught. Respondents seek the reversal of the order and judgment and each part thereof.

The pages of the return which were stricken purported to be a complete transcript of the testimony heard and considered by the commissioners. For the purpose of this decision it may be conceded that if the court properly struck these there would be left a record disclosing no facts from which we could conclude that the removal of petitioner was justified, and under the authority of *Funkhouser v. Coffin,* 301 Ill. 257, affirmance would follow. See also, *Cord v. Coffin,* 226 Ill. App. 326.

The motion to strike the evidence from the return was based upon an affidavit made by the petitioner to the effect that the counsel for the respondents had ordered the stenographer or reporter for the commission to make up the return after the writ of certiorari had been served upon the respondents; that at this time said pages of evidence were not in existence but were in shorthand and were written up and certified after the writ of certiorari had been served. A counteraffidavit, considered by the court, was made by the Civil Service Commission reporter, who says that he reported said case before the commission and filed his shorthand notes of the evidence in the files of the commission in the keeping of its secretary; that during the latter part of September, 1921, by order of the secretary, he transcribed his shorthand notes of said evidence and a few days later delivered the same to the attorney for the respondents in the form of the transcript certified by affiant as part of the return in said case; that said transcript is an accurate and correct transcript of the shorthand notes of said investigation. The writ of certiorari was issued July 25, 1921, and the return of respondents was filed Octo-

ber 8, 1921, but the abstract does not show when the writ was served upon the respondents.

The argument of the petitioner seems to be that this act of the reporter in transcribing his shorthand notes of the testimony into the usual form of a transcript of evidence was "subsequent proceedings" or "matters *dehors*" the record, and that the writ of certiorari operates as a supersedeas to further proceedings on the record. We are referred to no cases holding that the transcript of shorthand notes of a case is a subsequent "proceeding" in a case, and upon reason it cannot be. Transcribing shorthand notes taken at the trial is no more a subsequent proceeding than binding the proceedings into one record would be. "Proceedings" are intrinsic acts in the process of litigation, not the merely manual clerical work of transcribing the evidence and making up the record.

Other grounds for the motion to strike were that the transcript does not show that the witnesses were sworn, nor does it show their signatures, and also that certain other pages are not a proper part of the return. The finding of the commission appearing in the return shows that the witnesses were sworn to testify. We know of no rule requiring the signature of a witness testifying in a judicial proceeding of this kind. If the return contains more than is strictly relevant or responsive it cannot harm the petitioner, and there is no point in striking the same. However, the parts objected to on this ground are parts of the proceedings, records, papers and files with reference to this case in the keeping of the commission. These are properly termed "informative matters" and add to an intelligent understanding of the proceedings. In *Stone v. Miller*, 60 Iowa 243, it was held that such matters should not be stricken from the return although not strictly responsive or relevant.

For the above reasons we hold that the order of the circuit court granting the motion of petitioner to

strike from the return of the respondents the pages stated in the motion was erroneous.

It is suggested that the action of the trial court in striking parts of the return cannot be reviewed for the reason that no such error is assigned. We are of the opinion that the assignments of error properly cover this point.

Considering the entire return, including the parts improperly stricken, we have a complete transcript of the proceedings including the testimony showing the facts upon which the commission acted. The charge against petitioner was intoxication, and it is contended that the facts shown by the evidence did not sustain the charge. The court therefore should not have overruled the motion of respondents to quash the writ of certiorari and to dismiss the petition, and should not have ordered the proceedings of the Civil Service Commission quashed.

For the reasons above indicated, the order and judgment of the circuit court and each part thereof is reversed and the cause is remanded for further proceedings consistent with what is said in this opinion.

*Reversed and remanded.*

MATCHETT, J., concurs.