### HODGES *v.* HODGES.

It is the duty of a person serving an original notice, to set forth in his return, all the acts by him done, in order that the proper tribunal may judge of their sufficiency.

A return that an original notice was served, or even *duly* served, is insufficient. The manner of service must be shown.

*Appeal from the Webster District Court.*

### THURSDAY, APRIL 15.

Bill for divorce. The original notice was not served by the sheriff, but by one of the attorneys of the complainant. The return states, that he " served the notice on the defendant on the 29th day of August, 1856," and is verified by affidavit. Judgment was rendered against the respondent by default, for want of an appearance, from which she appeals.

*Templin, Scheffeler & Fairall*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—It is urged that the decree rendered by the district court is invalid, for the reason that there was no sufficient return of the service of the original notice upon defendant. The return does not state the manner of the service, as required by sec. 1723, of the Code. It is the duty of the person serving the notice to set forth, in his return all the acts by him done, in order that the proper

tribunal may judge of their sufficiency. The law does not permit him to judge of the legality or sufficiency of the service. A return that the notice was served, or even *duly* served, is insufficient. The manner of service must be shown. The court had no right to proceed against the defendant, unless it properly appeared that she was served with notice of the action. *Dills* v. *Chambers*, 2 G. Greene, 479; *Perry* v. *Dover*, 12 Pick., 211; *Moore* v. *Miller*, Harrison, 233; *Converse* v. *Warren*, 4 Iowa, 158.

Judgment reversed.