## PARK v. LONG, impleaded with CRAWFORD, Admr.

It is not for the sheriff to determine the sufficiency of. the service of an original notice, but he should return *how* he made the service, and leave the court to determine whether he has complied with the law.

A return on an original notice, as follows: "Served on John Long, on the 29th day of August, 1827," is defective.

In a proceeding to obtain execution upon a judgment rendered in 'the lifetime of the defendant, and to subject certain real estate to the execution, alleged to have been conveyed by the decedent after the rendition of the judgment, against the administrator of the judgment defendant and the person to whom the land was conveyed, and where no judgment is prayed for against the latter, it is error to 'render judgment against the party holding the title to the land; for the amount of the judgment against the decedent.

In such a case, the most that can be done, is to award a special execution against the land so conveyed by the judgment debtor.

*Appeal from the Clinton District Court.*

MONDAY, DECEMBER 20.

This action was brought to obtain execution upon a judgment rendered against Gray in his lifetime. The petition avers that certain real estate was conveyed by the decedent, to Long, after the rendition of the judgment, which, it is prayed, may be subjected to the execution. The notice was returned: "Served on John Long, on the 29th day of August, 1857." Long made default, and a judgment was entered, as well against him as the administrator, for the full amount of the judgment, and a special execution awarded against the land, from which he appeals.

*A. R. Cotton,* for the appellant.

*W. E. Leffingwell,* for the appellee.

WRIGHT, C. J.—The Code requires that the return of the sheriff, shall state the time and manner of service. Section 1723. It is not for him to determine its sufficiency, but he must return how he served it, and leave the court to determine whether he has complied with the law.

The return in this case was, therefore, defective, and the court below erred in taking jurisdiction, and determining the cause against appellant. *Hodges* v. *Hodges*, 6 Iowa, 78, and the authorities there cited.

But there was, also, an error in the judgment itself. Long was not a party to the original judgment against Gray, and no judgment is asked or claimed against him in the petition in this case. The most that could be done was to award a special execution against the land purchased by him.

The other questions made by appellant, we need not notice at this time.

Judgment reversed.