HALL & SPENCER v. GUTHRIDGE.

1. **Tax Sale:** NOTICE TO REDEEM: SERVICE. For the purpose of service of the notice required by section 894 of the Code, the owner of the legal title to land will be deemed to be in possession, in the absence of evidence to the contrary.

2. ——: ——: ——. Such notice may be served by the holder of the certificate of sale in person.

3. ——: ——: ——. The provision for service upon the person in whose name the land is taxed has reference to the person in whose name it is taxed at the time of the service, and not at the date of the sale.

*Appeal from Union District Court.*

THURSDAY, DECEMBER 4.

THIS is an action to redeem certain real estate from a sale for taxes. The property was sold by the treasurer of the county to the defendant for the delinquent taxes for the year 1872. The sale was had on the 6th day of October, 1873. The plaintiffs purchased said property of one Russell, and having paid the contract price they sold the same to Wm. F. Alger, and authorized him to receive a conveyance from Russell. Russell conveyed to Alger in February, 1876. Alger executed a mortgage to the plaintiffs to secure the purchase money, which has not been paid. The mortgage was dated May 1, 1876. The treasurer executed a tax deed to the defendant on the 13th day of November, 1876. Upon a trial to the court, it was found that the plaintiffs were entitled to no relief, and the title to the property was quieted in the defendant.

Plaintiffs appeal.

*Rowell & Milligan,* for appellants.

*McDill & Sullivan,* for appellee.

ROTHROCK, J.—I. It is conceded by appellants that as between them and Alger they were bound to pay the taxes for which the property was sold; and that after the sale there were

negotiations between the plaintiffs and the defendant with reference to a redemption of the property. It is claimed by the plaintiffs that they were induced by the fraud and deception of the defendant not to apply at the auditors office, to effect a redemption, until after the time for redemption had expired. The evidence does not sustain this proposition. The plaintiffs were the parties primarily liable for the payment of the tax, for which the property was sold. They had actual notice of the sale, and there were propositions for a redemption, and an offer at one time upon the part of the defendant to take less than the amount required by law to redeem, which was not accepted, and we are unable to find from the evidence that the failure to redeem resulted from anything other than plaintiff's own negligence.

II. Section 894 of the Code provides that: "After the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lots, and also upon the person in whose name the same is taxed, if such person resides in the county where such land is situated, in the manner provided by law for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire, and a deed for said land be made unless redemption from such sale be made within ninety days from the completed service thereof. * * * * Service shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed."

The defendant prepared a notice in proper form, addressed to W. F. Alger, and on the back thereof there was the following indorsement: "The within notice came into my hands for service on the 14th day of July, A. D., 1876, and on the same date I did serve said notice by reading to Wm. F. Alger the

within notice, and by giving him a copy of the same at Creston, Union county, Iowa.     (Signed)     A. L. GUTHRIDGE."

There was an affidavit made by said Guthridge in proof of said service, and the notice, service thereof, and affidavits were filed with the treasurer on the 11th day of August, 1876.

Appellants contend that the evidence shows that they made application to the auditor to redeem from the sale before the expiration of ninety days from the date of filing the notice and proof of service. This, we think, is incorrect. It is true there is a conflict of evidence upon the question, but, we think, there is not a preponderance with the plaintiffs. The auditor was examined as a witness, and testified that he did not allow the redemption to be made because the offer was made too late. With all the papers and records before him at the time, it is not at all probable that he made a mistake in his calculation of time.

III. It is said that the notice should have been served upon the plaintiffs, because it was known to the defendant that plaintiffs were interested as mortgagees. But the statute does not require notice to be served upon mortgagees, unless they are in possession of the property, and then only because of such possession.

IV. The service was made upon Alger alone. He was the owner of the property. The object of the statute is that notice 1. TAX SALE: shall be given to the owner. It is said Alger was notice to redeem: service. not in possession. We think the evidence shows that he was. But, whether in possession or not, he had the legal title, and in the absence of evidence to the contrary his possession should be presumed.

V. It is objected that the notice required by the statute was served by the defendant. Service by the holder of the tax sale certificate is not prohibited by the statute. 2. —: —: —. The requirement is that the manner of the service shall be the same as original notices, that is, by reading and copy, or by leaving at the place of residence if not found. It nowhere provides that such service may not be made by any person.

VI. Lastly it is urged that service was not made upon

the person in whose name the land is taxed. This has reference to the person in whose name the land appears for taxation at the time the notice is served. The object is to give notice to the owner, and the statute provides that such notice shall be given to the person in whose name the land is taxed, and not to one to whom it may have been taxed in years before. It appears from the evidence that in 1875–76 the property in controversy was taxed in the unknown list, and the record before us does not show to whom the property was taxed in 1872, the year for which it was sold. No notice could, therefore, be served upon the person in whose name it was taxed for the year 1876. Notice was, however, served upon the owner, who, to say the least, was presumably in possession, and we think this was sufficient.

AFFIRMED.