Ellsworth v. Van Ort.

---

## ELLSWORTH v. VAN ORT.

1. TAX SALE AND DEED: NOTICE TO REDEEM: PROOF OF SERVICE OF: STATUTE MUST BE FOLLOWED. The provision of § 894 of the Code, that the notice of the expiration of the time for redemption shall be served upon residents of the county "in the manner provided by law for the service of original notices," prescribes only the *manner* of service, and not the person or officer who shall make the service or the return of service; and service and return by the sheriff of the county in the manner in which original notices are served and returned are not sufficient to warrant the treasurer in issuing a tax deed ninety days after such notice and return are filed in his office. The further provision of said section, that "service shall be deemed completed when an affidavit of the service of such notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer," must be complied with before a valid deed can be issued.

*Appeal from Sioux District Court.*

THURSDAY, OCTOBER 22.

PLAINTIFF obtained a tax deed to a quarter section of land in Sioux county, and he brought this action in equity to quiet

the title thereto. Defendant was in possession of the land at the time the tax deed was executed, and held the fee title. The only defense interposed is that the right of redemption from the tax sale had not expired when the deed was executed. Defendant also pleads a tender of the amount necessary to redeem, and prays that the deed be canceled, and that his right to redeem the premises be established. The district court dismissed plaintiff's petition, and granted defendant the relief demanded in the answer. Plaintiff appeals.

*Struble, Rishel & Sartori* and *John F. Duncombe*, for appellant.

*Bell & Palmer* and *Finley Burke*, for appellee.

REED, J.—After the expiration of two years and nine months from the date of the sale, plaintiff caused the notice prescribed by section 894 of the Code to be served on defendant. The notice was served by the sheriff of the county, and he indorsed a return thereon showing the date of the service and the manner in which it was made, which was by reading the notice to defendant and delivering a copy thereof to him. The notice and return were then filed in the office of the county treasurer, and after the expiration of ninety days from the date of such filing the deed was executed, the sheriff's return being the only evidence on file at that time that the notice had been served.

The question in controversy between the parties is whether the treasurer, on this state of the record, had authority to execute the deed. Section 894 of the Code is as follows: .“After the expiration of two years and nine months after the date of the sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person who is in possession of such land, and also upon the person in whose name the same is taxed, if such person reside in the county where the land is situated, in the manner provided by

law for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale,   *  *  * and that the right of redemption will expire, and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service thereof. Service may be made upon non-residents of the county by publishing the same three times in some newspaper printed in the county.   *  *  *   Service shall be deemed complete when an affidavit of the service of said notice, and of the particular mode thereof, duly signed, and verified by the holder of the certificate of purchase, his agent or attor- ney, shall have been filed with the treasurer authorized to execute the tax deed. Such affidavit shall be filed by said treasurer, and entered upon the records of his office, and said record or affidavit shall be presumptive evidence of the com- pleted service of notice herein required, and until ninety days after the service of said notice the right of redemption from such sale shall not expire.   *  *  *"   Section 895 provides that "immediately after the expiration of ninety days from the date of service of the written notice herein provided, the treasurer then in office shall make out a deed for each lot or parcel of land sold and remaining unredeemed, and deliver the same to the purchaser upon the return of the certificate of purchase."

There is no express provision in section 894 as to the per- son or officer by whom the service may be made, and plaint- iff contends that, as the notice is required to be served (when the party to be served is a resident of the county) in the manner provided by law for the service of original notices, the various provisions of the statute which prescribe the mode of service of original notices, the officer or persons who are competent to serve them, and the manner of proving the return, are applicable to the service and return of such notices, and hence that the return of the sheriff was compe- tent evidence of the manner of the service of the notice in question; and as it had been served in the manner prescribed by

the statute, the treasurer was authorized to execute the deed. We are of the opinion, however, that this is not the proper construction of the statute. The provision in question was intended to prescribe only the *mode* in which the service should be made. It is provided by section 2603 that an original notice may be served (1) by reading and delivering a copy of it to the defendant; (2) by leaving a copy with a member of his family at his usual place of residence, when he is not found in the county of his residence; or (3) by taking an acknowledgment of the service indorsed on the notice, dated, and signed by the defendant. The provision that the notice shall be served in the manner prescribed for the service of original notices means simply that it shall be served by one of these modes; and it prescribes no rule as to the person or officer who shall make the service, or as to the return.

But these are matters which are governed by subsequent provisions of the section. It is provided that " service shall be deemed completed when an affidavit of the service of such notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer," and this affidavit is made presumptive evidence of the service of the notice, and it is the only evidence of that fact which is required to be filed or preserved. It is not contemplated that any other return of the service shall be made, and as it is required to be made by the holder of the certificate, his agent or attorney, it is equally clear that the service can be made only by such holder, his agent or attorney. When the treasurer executed the deed in question, then, he had no competent evidence on file in his office that the notice had been served, and in the absence of such evidence we think he had no authority to execute the deed. The affidavit is not only the only competent evidence of the fact and manner of the service, but the service is not deemed complete until it is filed with the treasurer. The period allowed the owner of the

land after service of the notice, within which to redeem it from the sale, does not begin to run until the affidavit is filed.

We think, therefore, that the district court rightly held that defendant's right to redeem the land had not expired.

AFFIRMED.