HERBERT W. WOOD, Plaintiff, JOHN R. SMITH, Intervener, Appellees, v. LIZZIE YEAROUS, et al., Appellants.

**Taxation:** SALE: REDEMPTION BY MORTGAGEE. Where a tax deed has been prematurely issued the holder of a valid outstanding mortgage on the land may redeem from the sale.

**Same:** NOTICE OF REDEMPTION: DESCRIPTION. Notice of the expiration of the right of redemption which does not definitely describe the land is defective and will not cut off the right to redeem. Thus the northwest ten acres of a given quarter section is indefinite and does not necessarily correspond with the NW. ¼ of the SE. ¼ of the SE. ¼; and the description was not aided by the additional statement that the tract was known as lot No. 3 of the county auditor's plat, no particular plat being designated and the lot referred to not containing the same acreage.

**Same:** PROOF OF SERVICE OF NOTICE. Notice of the expiration of right of redemption from a tax sale must be served in the manner provided for service of original notices, and proof of service must be made by the affidavit of the holder of the certificate, his agent or attorney, showing the manner of service, the time and place where made, and under whose direction the same was made; so that an affidavit of service stating merely that the attached notice was under my direction personally served, was insufficient, where it appeared that the notice was on the reverse side of the affidavit rather than on a separate sheet attached thereto, and the facts constituting the claimed personal service were not stated. And the proof of service must show that the notice was read to the parties in their presence and hearing and a copy thereof delivered to each of them.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

THURSDAY, MARCH 20, 1913.

ACTION to set aside tax deed and to redeem a tract of land from tax sale. Decree as prayed, and the defendant Lizzie Yearous appeals.—*Affirmed.*

*Aaron Yearous,* for appellants.

*Birdsall & Birdsall,* for appellees.

WEAVER, C. J.—One John P. Stauffacher, being the owner of the N. W. ¼ of the S. E. ¼ of the S. E. ¼ of section No. 22 of township No. 91 N., range 26 W., in Wright county, executed two several mortgages thereon to secure the payment of certain items of indebtedness. Neither of the claims, as secured, has ever been paid; and said mortgages, one of which is owned by the plaintiff and the other by the intervener, are valid liens on the land, unless the same have been cut off or lost by reason of the tax deed in controversy.

At the regular annual tax sale in the year 1906, the treasurer sold to Aaron Yearous a tract of land described as lot No. 3 of the S. E. ¼ of the S. E. ¼ of section No. 22, township No. 91, range No. 26, for taxes then due and delinquent, and issued to said purchaser a certificate of such sale. Thereafter the certificate was assigned to the appellant, Lizzie Yearous. It seems to be conceded that the county auditor had undertaken or assumed to subdivide the S. E. ¼ of the S. E. ¼ of said section into lots, for the purposes of taxation; and that one of these lots, known as No. 3, embraced or covered the N. W. ¼ of said S. E. ¼ of the S. E. ¼, which was incumbered by said mortgages. In September, 1909, said mortgaged tract, being in the possession of Lida M. Dorem and her husband, Peter Dorem, and being taxed to the said Lida M. Dorem, the said Lizzie Yearous filed in the office of the county treasurer a notice, accompanied by an alleged proof of the owner, in the following form:

Notice of Expiration of Time of Redemption.

To J. W. Henneberry, Lida Dorem and Peter Dorem: Please take notice that on the 3rd day of December, 1906, at the regular tax sale, there was sold for delinquent taxes by the county treasurer, the northwest ten (10) acres of the southeast quarter of the southeast quarter of section No. 22 in township No. 91 of range 26, in Wright county, Iowa, and also known as lot 3 of the county auditor's plat, to Aaron Yearous, and that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety (90) days from the complete service hereof. Lizzie Yearous, Lawful Holder of Certificate.

State of Iowa, Wright County—ss.:

I, Lizzie Yearous, being duly sworn, depose and say that the attached notice of expiration or right of redemption was under my direction personally served on J. W. Henneberry, Lida Dorem and Peter Dorem on the 4th day of September, A. D. 1909, at Eagle Grove, in Wright county, Iowa, and by giving each a duplicate thereof. That I am the lawful holder of the tax sale certificate No. 139 and dated the 3d day of December, 1906. Lizzie Yearous.

Subscribed to by Lizzie Yearous and sworn to by her before me and in my presence this 4th day of September, 1909. L. N. Archerd, Notary Public. [L. S.]

On the reverse side of the sheet containing the foregoing appears the following indorsement:

Eagle Grove, Iowa, Sept. 4—'09.

I hereby accept service of the within notice and copy of same on date above mentioned. J. W. Henneberry.

State of Iowa, Wright County—ss.:

I, Aaron Yearous, being duly sworn, say that on the 4th day of September, 1909, by direction of Lizzie Yearous, I personally served the within notice on J. W. Henneberry, he also accepting service, and on Lida Dorem and Peter Dorem by reading the same to them and delivering each a duplicate, in Eagle Grove, Wright county, and state of Iowa. Aaron Yearous.

Subscribed by Aaron Yearous and sworn to by him be-

fore me this 4th day of September, 1909. L. N. Archerd, Notary Public. [L. S.]

No redemption having been made within ninety days after the filing of the foregoing paper, the treasurer made and delivered to Lizzie Yearous a tax deed describing the land

1. TAXATION: sale: redemption by mortgagee.

as lot No. 3 in the S. E. ¼ of the S. E. ¼ of section No. 22, township No. 91, range 26— ten acres. It seems to be conceded that lot No. 3, as platted by the county auditor, contains 10.72 acres. The question presented by the record and argued by counsel is whether the tax sale and deed, above mentioned, are sufficient to cut off or bar the right of redemption by the lienholders. That the plaintiff or intervener, as holder of a valid outstanding mortgage on the land, may still redeem, if the deed was prematurely issued, is not open to doubt. *Swan v. Harvey*, 117 Iowa, 58; *Busch v. Hall*, 119 Iowa, 279; *Griffith v. Utley*, 76 Iowa, 292.

In holding that the deed was improperly issued, the trial court laid principal stress upon the proposition that the notice of expiration of time of redemption and proof of service thereof are fatally defective. If that conclusion be correct, it is sufficient to require an affirmance of the decree, without going into any extended consideration of other points made by the appellees.

Looking at the notice, we find the land upon which it was proposed to take a deed is first described as the "northwest ten acres" of the S. E. ¼ of the S. E. ¼ of the named section.

2. SAME: notice of redemption: description.

No such description of land appears anywhere in the assessment or tax list, or in the certificate of sale. The "northwest ten acres" is by no means necessarily identical with the N. W. ¼ of the S. E. ¼ of the S. E. ¼. Such description does not differ materially from the one which this court considered in *Roberts v. Deeds*, 57 Iowa, 320. In that case the land was described as the "northwest part of northeast fourth of northeast fourth, sec-

tion 31, township 74, range 8, containing three acres," and this was held too indefinite to sustain the tax deed. To the same effect is *Tucker v. Carlson*, 113 Iowa, 449, where a like holding was announced upon a description reading, "the northwest twenty-eight acres" of a given forty-acre tract. Unless we are to abandon the rule established by these precedents, and adopt a much looser construction of the statutory requirements than we have ever yet approved, the description above quoted from the appellant's notice of expiration must be held too indefinite to terminate the right of redemption.

Nor is this description aided to any material extent by the succeeding phrase, "also known as lot No. 3 of the county auditor's plat." No particular plat is designated. The auditor's office may disclose numerous lots, each of which is numbered 3, and to point out either with any degree of certainty other descriptive information would have to be added to the number. That the "northwest ten acres" is not identical with the lot No. 3, which is supposed to cover, wholly or in part, the mortgaged land, is indicated by the fact that such lot, as platted, contains about ten and three-fourths acres. If the court were to hold the description sufficient, and appellants' deed valid, which of the two descriptions is to be confirmed? It is manifest that the deed could pass title to no larger tract of land that appellant herself has claimed in her notice—ten acres. If her title be quieted, and she or the court sends out a surveyor to designate and mark the boundaries of her purchase, how will the lines be drawn between her ten acres and the remaining three-fourths of an acre, title to which has not been lost to the original owner of the fee?

Appellees further object to the sufficiency of the notice, because it appears that the land was taxed to and occupied by Lida M. Dorem, while the notice is directed to and appears to have been served on Lida Dorem. In view of our conclusion as to the defect in the description of the land, we shall not attempt to decide the question thus raised. It is sufficient to say in this connection, that the proceedings by

which the owner of land may be deprived of valuable property for failure to pay tax thereon, however small, is so drastic, and in many instances operates so oppressively, the courts are universally inclined to hold the tax purchaser to a strict compliance with all the statutory provisions by which the right of redemption is to be foreclosed. Nor does this do any wrong to the purchaser; for, if the tax be not entirely void, the redemptioner is always held to repay the full amount of the purchaser's investment, with liberal penalties and interest.

Coming next to the proof of service of notice. The statute (Code, section 1441) provides that the notice be served in the manner provided by law for the service of original notices; and such service shall be held complete only

3. SAME: proof of service of notice. after an affidavit by the holder of the certificate, his agent or attorney, has been filed with the treasurer, showing the making of the service, the manner thereof, the time and place where made, and under whose direction the same was made. This affidavit, it is required, shall be made by the holder of the certificate, or by his agent or attorney; and in either of the latter cases it must also state that such affiant is the agent or attorney, as the case may be, of the holder of the certificate of sale. An examination of the affidavit of Lizzie Yearous, the holder of the certificate in this case, makes it very clear that it does not meet these requirements. It does not show by whom the service was made. While stating that it was "personally served," it does not state facts which constitute personal service, as defined by the statute. The affiant says the service of which she speaks is of the "attached notice." No notice is attached to such proof, but the notice on which appellant relies is printed or written on the back of the same piece of paper on which the proof is written. It may seem at first blush that the variance or distinction here pointed out is immaterial, but reference to a paper which is "attached" to a particular written instrument or document conveys a meaning not at all identical with a reference to a writing described as "above

written" or "foregoing" or "following." Let us suppose, for instance, that appellant should be indicted for false swearing in making said affidavit, could she not properly contend that the literal and natural meaning be given the word "attached," and that her affidavit had reference to a written document attached to such affidavit, and not to a notice indorsed thereon?

Are these defects and insufficiencies remedied by the additional affidavit of Aaron Yearous? This, we think, must be answered in the negative. The statement of "personal" service like that in the affidavit of the appellant is defective in failing to state facts constituting a personal service within the meaning of the statute. The affiant states that he served the same "on Lida Dorem and Peter Dorem by reading the same to them and delivering to each a duplicate." He does not state that he read it to them "in their presence and hearing"; nor does he show of what it was that he delivered a "duplicate." So far as the literal truth of these averments is concerned, Mr. Yearous may have stood in the middle of the street and read the notice to Dorem and wife asleep in the seclusion of their home; and the duplicates which he delivered may have been duplicate copies of the morning newspaper. Neither affidavit is sufficient in itself; nor does either in any manner refer to the other, or seek to incorporate the averments made by the other. Even, when both are construed together as one, the proof is, for reasons above stated, still incomplete; and the right of redemption was therefore never cut off.

Other questions have been argued by counsel; but, the conclusions already indicated being determinative of the appeal, we shall not extend this opinion for their discussion.

The decree below is clearly right; and it is *Affirmed.*