MARY J. GALLEGER, Appellee, v. FRANCES E. DUHIGG (now FRANCES E. DUHIGG McMAHON), Appellant, et al., Defendants.

No. 42133.

JUNE 23, 1934.

Edward D. Kelly, and E. C. McMahon, for appellant.

Dwight G. McCarty, for appellee Mary J. Galleger.

KINTZINGER, J.—The record in this case shows that the plaintiff, a widow, over 69 years old, allowed taxes and some special assessments on her home to become delinquent for the years 1923 to and including 1927. That the total amount of said taxes and assessments was $336.33. The property was sold at a "scavenger tax sale" on December 3, 1928, and a tax sale certificate issued therefor. On January 18, 1932, a tax deed was issued thereon.

Plaintiff alleges that no valid or completed service of the notice to redeem from the tax sale was given as required by statute; that by reason thereof the treasurer's tax deed issued to the defendant was invalid. Plaintiff also alleges that the property was in fact sold at a "scavenger's sale," and that no notice stating that plaintiff's property had been previously advertised and offered for sale was ever published as required by section 7255 of the Code.

Defendant alleges as a defense (1) that the tax deed issued to the defendant by the county treasurer was upon sufficient notice; and (2) that after the issuance of the tax deed, defendant leased the property in question to the plaintiff and collected rents thereon; by reason of which plaintiff is estopped from questioning defendant's title.

Replying to the plea of estoppel, plaintiff alleges that the lease was obtained through fraud, intimidation, and duress; that the property had been her homestead for many years; that she was a widow 69 years of age, unacquainted with business, and was threatened by defendant to be forcibly ejected from her home unless she agreed to pay rent therefor; that she was worried and made sick by reason of the threats made to her by defendant through fear of losing her home; defendant threatened that she would be forcibly ejected from her home unless she agreed to lease the property; that on account of her poor condition of health, she believed the statements made to her by defendant's attorney; that she was misled by the false representations made to her, and relying thereon, and in fear of said threats and impositions, she was induced to enter into the lease.

On November 8, 1928, the county treasurer published a general notice that on Monday, the 3d day of December, 1928, he would, at his office in Emmetsburg, sell "at public auction so much of the

land and town lots \* \* \* listed \* \* \* necessary for the payment of taxes \* \* \* thereon for \* \* \* 1927 and previous years which remain due and unpaid on the first (1) day of December, 1928, and for \* \* \* such other taxes as may be aliened on said \* \* \* lots at the last named date. All real estate which remains liable to sale for delinquent taxes, and shall have previously been advertised and offered for two years or more and remain unsold will be sold to the highest bidder."

The lots advertised included those of plaintiff against which the delinquent taxes amounted to $336.33.

That pursuant to the foregoing notice, the county treasurer on December 3, 1928, offered and sold said property at a public "scavenger sale" to the defendant for the sum of $21. The tax sale certificate recited that the property had been previously advertised and offered for sale at the regular tax sale for two years and the property remained unsold.

The only notice of tax sale given was that hereinabove set out. No notice was ever published stating that the plaintiff's property had been previously advertised and offered for sale and would be sold to the highest bidder as required by section 7255. The only notice published was that hereinabove referred to. It contained no statement that plaintiff's property had been previously advertised and offered for tax sale for two years or more prior thereto.

One of the vital questions in this case is whether or not. a completed service of the notice to redeem from the tax sale certificate had been filed with the county treasurer. Code, section 7279, provides:

"After two years and nine months from the date of sale, the holder of the certificate of purchase may cause to be served upon the person in possession of such real estate, and also upon the person in whose name the same is taxed, if such person resides in the county \* \* \* in the manner provided for the service of original notices, a notice signed by him, his agent, or attorney, stating the date of sale, the description of the property sold, the name of the purchaser, and that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service thereof."

This statute requires that a notice, signed by the holder, his

agent, or attorney, shall be caused to be served upon the person in whose name the property is taxed.

Section 7282 provides when the service is deemed complete as follows:

"Service shall be complete only after an affidavit has been filed with the treasurer, showing the making of the service, the manner thereof, the time when and place where made, and under whose direction the same was made; such affidavit to be made *by the holder of the certificate or by his agent or attorney* \* \* \*; which affidavit shall be filed by the treasurer and entered upon the sale book opposite the entry of the sale, and said record or affidavit shall be presumptive evidence of the completed service of said notice, and the right of redemption shall not expire until ninety days after service is complete."

An affidavit made by Edward D. Kelly, an attorney for defendant, was filed in the office of the county treasurer on October 10, 1931, purporting to show service on October 3, 1931, of a notice of the expiration of the period of redemption from said tax sale. Thereafter on January 25, 1932, the county treasurer issued to Frances E. Duhigg, the holder of the tax sale certificate, a tax deed purporting to convey the real estate described in plaintiff's petition.

The affidavit showing service of the notice to redeem is as follows:

"I, Edward D. Kelly, \* \* \* state that I am a member of the firm of Kelly & Kelly, attorneys for Frances E. Duhigg, \* \* \* owner of \* \* \* tax sale certificate issued \* \* \* on December 3, 1928 \* \* \* to Charles Duhigg, \* \* \* thereafter transferred \* \* \* to \* \* \* Frances E. Duhigg; that \* \* \* Kelly & Kelly is retained by said Frances E. Duhigg for \* \* \* securing tax deed to the \* \* \* premises pursuant to \* \* \* said tax sale certificate. \* \* \* I am in direct and active charge of said tax deed proceeding. \* \* \*

"Said premises are taxed in the name of Mary J. Galleger and (she) \* \* \* no one else is in possession. \* \* \*.

"On the third day of October, A. D. 1931, the notice of expiration of right of redemption \* \* \* was served upon the said Mary J. Galleger by R. A. Hilton under my direction; \* \* \* service was made by \* \* \* said R. A. Hilton offering to read said notice to Mary J. Galleger which offer she waived and by delivering to her

a true copy of said notice * * * in * * * Palo Alto County, Iowa.

"The affidavit of R. A. Hilton * * * is * * * incorporated * * * and made a part hereof and * * * adopted by reference by the undersigned.

"[Signed] Edward D. Kelly."

The chief prerequisite for the issuance of a tax deed to a purchaser at a tax sale as required by the statute hereinabove cited is that there be filed in the office of the county treasurer the affidavit required thereby.

The complaint made against the validity of the service of the notice to redeem is that the affidavit filed with the treasurer was insufficient and incomplete in failing to show that the person making the service was the agent or attorney of the holder of the certificate. Appellant contends that because the statute provides that the notice is required to be served in the *"manner"* provided by law for the service of original notices, that the methods of proving service of original notices are applicable to the return of service of a notice of the expiration of the period of redemption from tax sales. It has been held by this court, however, that the word "manner" in the statute in question is intended only to prescribe the mode ·in which the service should be made and not by whom it should be made and that the notice may be served by the holder of the certificate, his agent, or his attorney. Hodges v. Hodges, 6 Iowa 78, 71 Am. Dec. 388; Farris v. Powell, 10 Iowa 553; Ellsworth v. Van Ort, 67 Iowa 222, 25 N. W. 142; Hall v. Guthridge, 52 Iowa 408, 3 N. W. 475.

In Ellsworth v. Van Ort, 67 Iowa 222, loc. cit. 225, 25 N. W. 142, we said:

"The provision that the notice shall be served in the manner prescribed for the service of original notices means simply that it shall be served by one of these modes; and it prescribes no rule as to the person or officer who shall make the service, or as to the return."

It is the rule of this state that if the affidavit of service is incomplete and insufficient, the right of redemption is not cut off thereby and no valid deed can be issued pursuant thereto. It is also the rule in this state that where the notice required to be served was not served by the holder of the certificate or by his

agent or attorney, it is not complete. Geil v. Babb, 214 Iowa 263, 242 N. W. 34; Grimes v. Ellyson, 130 Iowa 286, 105 N. W. 418; Peterson v. Wallace, 140 Iowa 22, 118 N. W. 37; Wood v. Yearous, 159 Iowa 211, 140 N. W. 362; Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Ellsworth v. Van Ort, 67 Iowa 222, 25 N. W. 142; Stevens v. Murphy, 91 Iowa 356, 59 N. W. 203, 51 Am. St. Rep. 348; Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984; German Sav. Bank v. Walker, 190 Iowa 1096, 181 N. W. 443; Lyman v. Walker, 192 Iowa 982, 185 N. W. 607.

In Ellsworth v. Van Ort, 67 Iowa 222, 25 N. W. 142, this court, in considering the sufficiency of the return of the notice, said:

"It is not contemplated that any other return of the service shall be made, and as it is required to be made by the holder of the certificate, his agent or attorney, it is equally clear that the service can be made only by such holder, his agent or attorney. When the treasurer executed the deed in question, then he had no competent evidence on file in his office that the notice had been served, and in the absence of such evidence we think he had no authority to execute the deed."

In Stevens v. Murphy, 91 Iowa 356, loc. cit. 358, 59 N. W. 203, 51 Am. St. Rep. 348, we said:

"It should be noticed that nothing in the notice or return shows, in any way, that Lorack was an agent or attorney for Novak. No question is made as to the fact of service of the notice, but merely as to the sufficiency of the return thereto. * * * All of these facts are essential to vest the treasurer with authority to execute a deed, and the manner of the proof of the facts to give such authority is prescribed by the statute. The deed in this case did not issue upon any showing that the service was made by an agent or attorney. The treasurer could no more assume such a fact than he could other important facts required to appear in the return."

In the recent case of Geil v. Babb, 214 Iowa 263, 242 N. W. 34, we held that to make a valid completed service it was necessary to show that the notice was served by the agent or attorney of the certificate holder. In the case at bar the evidence fails to show that the notice was served by the holder of the certificate, by his agent, or attorney. It fails to show that the person making the service was either the agent or the attorney of the holder of the certificate. The

service in this case was made by one R. A. Hilton, but there is no showing whatever in the affidavit filed that said Hilton was the agent, or attorney for the holder of the certificate.

In the Geil case, 214 Iowa 263, loc. cit. 268, 242 N. W. 34, we said:

"We deem it necessary only to consider and determine the proposition in this particular, to wit, that, if the service is made by some one other than the holder of the certificate of purchase, the affidavit should state the person who made the service was the agent or attorney, as the case may be, of such certificate holder. The affidavit in question of Osborn recited that he caused notice to be served personally on the tenants in possession, * * * but, as he did not make the service himself, this statement was not sufficient without further showing that Foss Davis, who made the service, was the agent or attorney of the tax purchaser Babb. *The statute heretofore quoted and the decisions of this court provide and require that such affidavit must be made by the holder of the certificate, his agent or attorney, and service must be made in that capacity, and must be shown by the affidavit.*"

Likewise in the case at bar there is no showing that the person making the service was either the agent or attorney for the certificate holder. Our opinion in this case is controlled by the rule laid down in the case of Geil v. Babb, supra. This case was so recently decided that we are not disposed to depart therefrom.

It is the rule that statutes in relation to the redemption of property from taxes are to be liberally construed in favor of the owner. Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Ashenfelter v. Seiling, 141 Iowa 512, 119 N. W. 984.

In Ashenfelter v. Seiling, 141 Iowa 512, loc. cit. 517, 119 N .W. 984, we said:

"The right and authority of the state to seize and sell valuable property for the payment of a relatively small tax, while necessary, is often so oppressive in its results that we are bound to construe the right of redemption with all reasonable liberality, and hold the person who seeks to foreclose it to very substantial compliance with all of the provisions which have been enacted for its protection."

This principle is well illustrated in the present case, where the defendant purchased the property at a "scavenger sale" for the

paltry sum of $21, although the delinquent taxes alone amounted to $336.33.

We are constrained to hold that under the statute and decisions referred to, the right of redemption from the tax sale in question has not expired and the tax deed should be canceled and set aside.

■ II. Appellant also contends that plaintiff is estopped from denying her landlord's title because she entered into a lease of the premises for five months.

"The application of the principle that a tenant is estopped to deny his landlord's title is restricted to cases in which the lease has been fairly obtained, and a lease obtained through fraud and misrepresentation will not prevent the lessee from contesting the title of the lessor. This is a well settled doctrine resting on the most satisfactory grounds. The relation of landlord and tenant arises out of contract, and this, like other contracts, is vitiated by fraud, overreaching or imposition. Therefore if fraud is used to induce the tenant to accept the lease no estoppel arises." 16 R. C. L. 658, sec. 145; Gray v. Whitla, 70 Okl. 288, 174 P. 239, 2 A. L. R. 356.

"The same view is taken where the lessee accepts the lease through mutual mistake as to his title. Thus a tenant may dispute his landlord's title by showing that he was led to acknowledge the tenancy under a misapprehension as to such title." 16 R. C. L. 658, section 145.

The lower court allowed the defendant a return of all the money paid for the tax sale certificate, with penalty and interest as allowed by statute.

The facts in this case are sufficient to show that the lease was executed under such duress and imposition as to defeat the defense of estoppel.

Upon the question of fraud the lower court said:

"The court does not find that said defendant in collecting said rent was intentionally deceiving the plaintiff, or intentionally perpetrated any fraud. But the fact that the deed under which this defendant was claiming to hold title to the property was in fact void as against the rights of this plaintiff, the collection of rents for the property under a claim of title which did not exist would constitute a legal fraud which this court cannot approve."

We see no reason for disturbing the holding of the lower court upon this question.

Other questions are presented, but in view of the conclusions hereinabove disclosed, we believe the ruling of the lower court was right and the same is hereby affirmed.

All Justices concur.