[File No. 6509.]

LOWER YELLOWSTONE IRRIGATION DISTRICT NUMBER TWO, a Corporation, Appellant, v. ARNE TOLLEFSON, County Auditor of McKenzie County, North Dakota, Respondent.

(276 N. W. 254.)

Opinion filed November 26, 1937.

*C. N. Cottingham* and *W. J. Burke*, for appellant.

40

P. C. Arildson and W. A. Jacobsen (P. O. Sathre, Attorney General, and W. J. Austin, Assistant Attorney General, on brief) for respondent.

Morris, J. This is an appeal from a judgment quashing an alternative writ of mandamus and denying the appellant's application for a peremptory writ directing the county auditor of McKenzie county to issue a tax deed to eighty acres of land. This land was sold at tax

sale on December 9, 1930, for taxes levied for the year 1929, and struck off to McKenzie county pursuant to § 2191, 1925 Supplement to Compiled Laws which was then in effect and provided that:

"The county treasurer shall attend the sale and receive all moneys paid thereon and when any tract of land or lot remains unsold for want of bidders, the same shall again be offered before the sale closes, and if there is no other bidder he shall bid for the same in the name of the county and the same shall be struck off and become forfeited to the county in which the sale takes place, such county acquiring all the rights both legal and equitable that a person could acquire by reason of a purchase at such sale. Such tract or lot shall be assessed and taxed like other real estate until the period of redemption expires but shall not again be offered for sale for such subsequent taxes unless the county has made an assignment of the certificate of sale.

"Whenever any real property shall be sold to the county, the county auditor shall make out certificate of sale to the county in the same manner as if sale had been made to any other person which certificate shall be retained by the county treasurer; but no tax receipt shall be issued and no amount due the state or any taxing district shall be paid by the county until the county has received payment, either through redemption or sale of the property or assignment of the certificate. A certificate so issued to the county shall bear interest at the rate of nine per cent (9%) per annum."

The county acquired subsequent tax sale certificates for taxes levied for the years 1931 to 1935, inclusive. On April 8, 1937, pursuant to an authorization of the board of county commissioners, the respondent, who is the county auditor of McKenzie county, assigned the aforesaid certificates to Lower Yellowstone Irrigation District Number Two, the petitioner and appellant herein. The county auditor executed assignments of the tax certificates to the petitioner in the form prescribed by chapter 279, Session Laws of North Dakota for 1935, which assignments contained this provision: "I do hereby assign and convey all the right, title and interest of said county to said piece or parcel of land acquired therein at said sale. . . .

"And I further certify that unless redemption is made of said real estate in the manner provided by law, the said . . . or assigns, will be entitled to a deed therefor on and after the expiration of the time

for redemption, as provided by law, and upon the surrender of this certificate."

On June 15, 1937, the Lower Yellowstone Irrigation District Number Two presented the assignments and the tax sale certificates to the county auditor and demanded that he proceed to give notice of expiration of the period of redemption as provided by law to the end that a tax deed be issued to the petitioner unless such redemption be made. The county auditor refused to proceed as requested upon the ground that the right of the county to obtain a tax deed under the certificates was suspended by the provisions of chapter 277, Session Laws of North Dakota for 1935, until December 31, 1937, and that the restrictions of that chapter applies to the certificates in the hands of the appellant.

Section 1 of chapter 277, supra, reads as follows: "That the operation of § 2202 of the Compiled Laws of North Dakota for the year 1913, as amended by chapter 199 of the Session Laws of 1925 (§ 2202 of the 1925 Supplement to the Compiled Laws of 1913) and as amended by chapter 266 of the Session Laws of 1927, relating to tax deeds to be issued to the county upon the expiration of the period of redemption, upon due notice; tax deeds to the county and sale of real property so acquired, and the whole of the provisions of said laws as so amended, be, and the same are hereby suspended until the thirty-first day of December, A. D. 1937, and the various duly elected, qualified, and acting county auditors of the State of North Dakota, with their several deputies be, and they are hereby prohibited from proceeding in any manner or taking any action whatsoever under the provisions of said act as amended until December 31, 1937."

The appellant contends that this provision suspends only the right of the county to apply for tax deed and that when the county has sold and assigned tax sale certificates the purchaser may apply for a deed regardless of the fact that the county could not so apply while it held the certificates. This statute is not in derogation of any private contractual rights. It is within the province of the legislature in the interest of the state and the tax payers to delay loss of title of private property through tax sales to the county. The statute, by its express terms, bars the county from proceeding to cut off the land owner's right of redemption until December 31, 1937. It in effect modified the terms of the certificates held by McKenzie county, and protected

the landowner from having asserted against him, rights acquired by the county under the tax sale.

Statutes relating to the redemption of property from tax sales are liberally construed in favor of the parties entitled to redeem. Galleger v. Duhigg, 218 Iowa, 521, 255 N. W. 867; Pike v. Richardson, 136 Mich. 414, 99 N. W. 398; Gibson v. Pekarek, 27 S. D. 423, 131 N. W. 728. In this case the appellant seeks to start proceedings to cut off the right of redemption of the landowner. Unless the right to so proceed plainly appears from the statute under which it proposes to act, it may not do so.

Chapter 279, Session Laws of North Dakota for 1935, by virtue of which the assignments were made, provides: "At any time after any piece or parcel of land shall have been bid in for the county, and before such piece or parcel of land shall become forfeited to the county, and while such tract or parcel of land shall remain unredeemed, the county auditor may assign and convey the same and all the rights of the county in such piece or parcel of land acquired at such sale, to any person (except the county auditor, county treasurer, their deputies, and clerks) who shall pay the amount for which the same shall have been bid in together with interest thereon from the date of the tax sale at the rate of one-half of one per cent per month, and the amount of all subsequent delinquent taxes and penalties together with interest thereon at the rate of one-half of one per cent per month from December first of the respective years in which such taxes become delinquent, and shall execute to him an assignment which may be in substantially the following form:" (Then follows a form of assignment.)

The only right by which the appellant can claim a tax deed is that which it obtained from McKenzie county by the assignments. An assignee ordinarily takes the subject of an assignment with all of the rights possessed by the assignor at the time of the assignment and no more. 4 Am. Jur., Assignments, p. 304; 6 C. J. S. p. 1155. The appellant cites 61 C. J. 1108, and Holcomb v. Johnson, 43 Wash. 362, 86 P. 409. These citations are of no assistance to us because they are based upon a specific Washington statute authorizing the assignment of tax certificates issued to counties and providing that "said assignee shall have the same rights and proceed in the same manner as if said

certificate had been originally issued to him." Laws 1899, chap. 141, p. 305, § 30.

There is no legislative enactment in this state giving to the purchaser of a tax certificate from a county any more rights than the county had. In the absence of such a statute the general rule applicable to assignments will be applied in determining when the assignee may commence proceedings to obtain a tax deed. McKenzie county could not proceed to terminate the owner's right of redemption under the certificates until December 31, 1937. Lower Yellowstone Irrigation District Number Two, as assignee of the county, took the rights which the county had. The assignments did not diminish the land owner's rights nor enlarge those of the assignee.

Affirmed.

CHRISTIANSON, Ch. J., and BURR and NUESSLE, JJ., concur.