A. C. WEIDEMAN, Plaintiff, Appellee, v. POCAHONTAS, TOWN OF, et al., Defendants, Appellants, POCAHONTAS COUNTY et al., Defendants, Appellees.

No. 44178

142

APRIL 5, 1938.

REHEARING DENIED SEPTEMBER 23, 1938.

R. L. Hudson, J. W. Berry, and Kelly & Kelly, for appellants.

F. C. Gilchrist, Jr., and N. J. Bixler, for A. C. Weideman, appellee.

A. C. Carmichael, for Pocahontas County, John F. Carlson, Treasurer, and Roy A. Johnson, Auditor, appellees.

F. M. Hudson for Pace & Bouma, a partnership, and Jack Bouma, appellees.

SAGER, J.—The somewhat lengthy abstract discloses a very considerable number of incidents affecting the title to the premises involved, but there is no substantial dispute on the facts. That the profession may have something of the background of this litigation we set forth in outline the main facts.

Prior to the happenings narrated, one Rachel Thompson was the owner of the premises. On August 26, 1926, the Northwood Savings Bank of Northwood, Iowa, holder of a mortgage, brought suit to foreclose against Thompson and her husband. This resulted in a decree on May 18, 1927, and under execution issued thereon a sale was had June 25, 1927. On the latter date a certificate of sale was issued to the bank. On July 2, 1928, the certificate of sale was assigned to the Security Trust & Savings Bank of Fort Dodge, Iowa, and on July 13 of that year a deed issued to the bank. On December 5, 1927, there had been held a scavenger sale in Pocahontas county for taxes of the years 1924-5-6, in which, among other properties, was included that involved in this litigation. On March 7, 1928, Rachel Thompson and her husband conveyed their interest in the premises by quitclaim to the Fort Dodge bank. On November 22, 1928, the certificate of tax sale above mentioned, which was then held by an attorney at Pocahontas, was assigned to the town of Pocahontas. It appears that included in the tax sale under investigation were certain sewer taxes, but no question of the propriety of such inclusion is made here and it is mentioned only as a passing incident. On December 31, 1932, notice of the expiration of time to redeem from tax sale was served on the Security Trust & Savings Bank, to whom the property was then taxed, by serving upon the superintendent of banking of the state of Iowa, the Fort Dodge bank meanwhile having gone into the hands of a receiver. On January 13, 1933, Pace & Bouma were tenants in possession of the premises, and on that day Jack Bouma, a member of the firm, accepted service of the notice of expiration in this manner:

"Pace and Bouma,
"By Jack Bouma,
"A Member of the Firm.
"Jack Bouma."

On January 16, 1933, proof of service of notice of expiration of redemption was filed with the treasurer. This, because

the case turns on its sufficiency, will have more attention later.

On March 17, 1933, the receiver of the Fort Dodge bank filed a petition to restrain the issuance of a tax deed. On March 28 of the same year the town filed its answer and resistance. Following this no action appears to have been taken in this proceeding until November 3, 1933, when the suit was dismissed, presumably because a tax deed had been actually issued to the town on April 18, 1933, thus making the question so far as that case is concerned moot. The receiver of the Fort Dodge bank paid the taxes for 1929, but not thereafter. This fact is made the basis of a claim by the town that the receiver had abandoned the property and had nothing to sell to the appellee as he actually attempted to do. This is disputed by appellee and he is borne out by the fact that on February 5, 1937, the receiver sold the premises to appellee under proper orders and approval of the court. With and as a part of the sale the receiver assigned the lease under which Pace & Bouma were in possession.

As has already been indicated the appellee offered in court a tender of complete reimbursement of the town for every item of expense it had incurred up to the time this suit was started, and all the taxes then due on the property, with penalties and interest.

With this preliminary statement we address ourselves to the essence of the controversy. This, from the statement of the issues, will be seen to be in the validity of the tax deed under which appellant town claims; and the validity of this deed in turn depends upon the steps leading up to its issuance.

Appellee predicates his rights upon these contentions, briefly stated:

1.  The affidavit of service of notice of expiration of redemption was insufficient in that it did not state or show that J. Gessell, the person who made the service of the notice on Andrew, receiver of the Fort Dodge bank, was the agent or attorney of the holder of the certificate of purchase at the tax sale.

2.  The affidavit did not show that the holder of the tax sale certificate, or any agent or attorney of the holder, served notice of expiration of right to redeem on Pace & Bouma, or Jack Bouma, the persons in possession of the property.

3.  The affidavit of service did not show that the holder of such certificate, or any agent or attorney for the said holder,

procured from Pace & Bouma, or Jack Bouma, the persons in possession, the acceptance of service of notice of expiration of right to redeem.

4. The affidavit failed to show that any notice of expiration of right to redeem has ever been served upon the Security Trust & Savings Bank of Fort Dodge, said bank being the person in whose name the property was taxed.

The notice of expiration, with the proof of service thereon, omitting the formal parts, reads as follows:

"NOTICE OF EXPIRATION.

"To Security Trust & Sav. Bank, Fort Dodge, Iowa: Pace and Bouma, and Jack Bouma.

"You are hereby Notified that the following described real estate, situated in Pocahontas County, Iowa, to-wit:

"West 25 feet of Lot 31, in Block 18, in Town of Pocahontas, was sold for taxes of 1924, 1925 and 1926 on the 5th day of December, 1927, to A. J. Shaw; that the certificate of sale thereof has been assigned, and is now owned by Incorporated Town of Pocahontas, Iowa, and that the right of redemption will expire, and a Treasurer's Deed for said land will be made, unless redemption from such sale be made within ninety days from the date of completed service of this notice.

"You will govern yourself accordingly.

"Dated the 29th day of December, A. D. 1932.

"Incorporated Town of Pocahontas, Iowa,
"By Fred M. Hudson, Its Attorney.

"Acceptance of Service.

"Service of the foregoing Notice of Expiration is hereby accepted and receipt of a true copy thereof is hereby acknowledged by each of the undersigned in Center Township, Pocahontas County, Iowa, this 13th day of January, 1933.

"Pace and Bouma,
"By Jack Bouma,
"A Member of the Firm.
"Jack Bouma.

"RETURN OF SERVICE.

"State of Iowa, Polk County, ss:

"Received the within notice this 30th day of December, 1932, and on the 31st day of December, 1932, I personally served the same on the within named Security Trust & Sav. Bank, Fort

Dodge, by offering to read the original to L. A. Andrew, Superintendent of Banking of the State of Iowa, Receiver of Security Trust & Sav. Bank, Fort Dodge, which he waived and delivered to him a true copy thereof. All done in Polk County, Iowa.

"J. Gesell.

\* \* \*

"AFFIDAVIT OF SERVICE.

"State of Iowa, Pocahontas County, ss:

"I, Fred M. Hudson, being first duly sworn on oath state:

"That I am the attorney for the Incorporated Town of Pocahontas, Iowa, who is the owner and holder of a certificate of purchase at tax sale No. 113, bearing date the 5th day of December, 1927, issued by J. H. Wilson, Treasurer of Pocahontas County, Iowa, on December 5, 1927, to A. J. Shaw, and by said A. J. Shaw thereafter sold and assigned to Incorporated Town of Pocahontas, Iowa, the present owner and holder thereof, which said certificate of purchase at tax sale so duly issued covered and was issued on the following described real estate, to-wit:

"The West Twenty-five (25) Feet of Lot Thirty-one (31), in Block Eighteen (18), in the Town of Pocahontas, in Pocahontas County, Iowa.

"I further certify that the above described real estate is taxed in the name of Security Trust & Sav. Bank, Fort Dodge, and that Pace and Bouma, a partnership, and Jack Bouma, are the persons in possession thereof:

"I further certify that the within and attached Notice of Expiration, which said Notice of Expiration is attached hereto marked Exhibit 'A' and made a part of this affidavit, was at my direction as attorney for Incorporated Town of Pocahontas, Iowa, served upon the above named Security Trust & Sav. Bank, Fort Dodge, on December 31, 1932, by J. Gesell, in Polk County, Iowa, by serving said Notice on L. A. Andrew, Superintendent of Banking of the State of Iowa, Receiver of the Security Trust & Sav. Bank, Fort Dodge, by offering to read the said Notice of Expiration to the said L. A. Andrew, Superintendent and Receiver as aforesaid, which reading is waived, and by delivering to him a true copy of said Notice of Expiration, all as shown by the return of service attached to said Notice of Expiration which said return of service is attached hereto marked Exhibit 'B' and made a part of this affidavit.

"I further certify that the within and attached Notice of

Expiration, Exhibit 'A' above mentioned, was at my direction as attorney for Incorporated Town of Pocahontas, Iowa, served upon the above named Pace and Bouma, and Jack Bouma, on January 13, 1933, in Center Township, Pocahontas County, Iowa, by the said Jack Bouma, a member of the firm of Pace and Bouma, accepting service thereof and acknowledging recepit of a true copy thereof in writing for and on behalf of the said firm of Pace and Bouma, and by the said Jack Bouma individually accepting service thereof and acknowledging receipt of a true copy thereof in writing, all as shown by the Acceptance of Service endorsed on said Notice of Expiration, which said Acceptance of Service is attached hereto marked Exhibit 'C' and made a part of this affidavit:

"I further certify that I make this affidavit as Attorney for Incorporated Town of Pocahontas, Iowa, the owner and holder of the Certificate of Purchase at Tax Sale above described.

"Dated at Pocahontas, Iowa, this 16th day of January, 1933.

"Fred M. Hudson,
"Attorney for Incorporated Town of Pocahontas, Iowa."

Both returns are duly sworn to.

▮ Appellee asserts that these affidavits do not comply with the requirements of Code section 7282, as construed by our previous decisions. While appellant does not admit the soundness of this contention, there is implicit in its argument the contention that our previous decisions are not on a sound basis and should be overruled. This, considering the length of time the rules already announced have been the law of the state, we are not disposed to do. Appellant attempts to mitigate the force of some of the earlier cases by arguing that they present aspects of particular hardship which invoked the broadest equity powers. But admitting for the purposes of this case, without conceding appellant's view, we are not confronted with such a case by this appeal. The decree of the trial court does complete equity and we are satisfied with it. Counsel for the town have given much learning and investigation to the question, but we do not feel that this case is one that demands the repeal of the precedents.

We have decided this exact question in an exhaustive opin-

ion by Kintzinger, J., in Galleger v. Duhigg, 218 Iowa 521, 255 N. W. 867. Therein will be found such a thorough review of the decisions that it needs no repetition here.

Divisions 2 and 3 of appellee's argument, to the effect that the treasurer had no right to issue the tax deed and that appellee's right to redemption had not expired, are bottomed on the contention already disposed of, so we pass them.

Division 4 of appellee's argument that service on the superintendent of banking did not constitute service of notice on the Fort Dodge bank requires no decision now; nor does the claim that Attorney Shaw, purchaser at the scavenger sale, was at one time attorney for the Northwood bank, thereby making his purchase one for that bank.

Appellant's contention that the affidavits of notice of expiration of time to redeem were in fact sufficient has already been disposed of. Thereby its argument that the treasurer had the authority and the duty to issue the deed and that its cancellation was improper is likewise disposed of. Its contention that the service on the superintendent of banking was sufficient notice to the Fort Dodge bank, we have already said, will not be decided now.

We concede appellant's argument that the scavenger sale to Shaw was not invalid because he was once the attorney for the Northwood bank, but this adds no support to the claims made by the town.

In addition to claims made by the appellant which have already been noticed, it is argued that the appellee was not in a position to claim relief because he purchased this title for the purpose of speculation; but the fact is that the sale was made under order of court and approved by the court having jurisdiction of the matter. We decline to assume that the court lent its aid to an illegal enterprise. Moreover, if the case were to turn upon the speculative propensities of the litigants, it might not be unfair to say that the advantage lay with the appellant. The town was properly and necessarily interested in the collection of all taxes and the safeguarding of all property it might acquire in order to protect such right. Since the court's decree fully covered this right, any interest above and beyond this would seem to be as much a speculation as was the purchase of the property by appellee.

But appellant says that the laches of appellee and his

grantor bar him from asserting any title to the property. This may not be sustained under the record before us. No claim of the statute of limitations is made, and since the right to redeem had not expired, as the trial court found and as we agree, no question of laches arises here.

The trial court filed an elaborate decree, incisively analyzing the facts. It is too long to quote, but its ultimate result was to reimburse the town for every dollar that it had expended in acquiring and maintaining this property. It gave the right to appellee on such payment to have his title quieted, and the lease of the premises assigned to him under conditions which need not be stated. On the whole, we are thoroughly satisfied that the decree does complete equity and is in accord with our previous holdings. It is, therefore, affirmed.—Affirmed.

MITCHELL, RICHARDS, HAMILTON, KINTZINGER, DONEGAN, and MILLER, JJ., concur.