ELLSWORTH v. LOW, ADAMS & FRENCH ET AL.

1. **Tax Sale:** REDEMPTION FROM: WHEN RIGHT EXPIRES. The right to redeem land sold for taxes expires in ninety days after completed service of the notice required by section 894 of the Code, whether the deed is then executed or not.

2. ————: NOTICE TO REDEEM ON PERSON IN POSSESSION: WHAT CONSTI-TUTES POSSESSION. Where land sold for taxes was not fit for cultivation, and was not occupied by any one, but was used by the owner, who lived in the same county, for a timber lot, from which he cut timber and got his wood until the timber and wood were all removed, *held* that he was in possession of the land in such sense as to be entitled to personal service of the notice to redeem from the tax sale, under section 894 of the Code, and that service by publication only, in such case, was not sufficient to cut off the right of redemption.

3. **Evidence:** "STUB" OF REDEMPTION CERTIFICATE: EX PARTE ENTRY THEREON. The "stub" of a redemption certificate, kept in the county auditor's office, is a "record" belonging to that office, and is, by section 905 of the Code, made evidence of the matters which appear therein; but an entry thereon purporting to cancel the redemption, because inadvertently allowed by the auditor after the time therefor had expired, cannot bind the redemptioner, without his acquiescence.

4. ————: SECONDARY SUFFICIENT WHEN NOT OBJECTED TO. A fact may be established by secondary evidence when no objection is made and the best evidence is not demanded.

5. **Tax Sale:** REDEMPTION BY MORTGAGEE. One who has a mortgage interest in land may redeem it from tax sale, and, if the mortgagee is dead, his administrator may redeem.

6. ————: REDEMPTION BY ONE OF SEVERAL LIEN HOLDERS INURES TO BENEFIT OF ALL. Where several persons have liens upon land sold for taxes, and one of the lien holders redeems, the title of and liens on the land stand and exist thereafter in the same manner as though no sale for taxes had ever been made.

*Appeal from Wright Circuit Court.*

WEDNESDAY, DECEMBER 5.

THE plaintiff, claiming to be the owner of certain real estate under a tax deed, commenced this action to restrain the defendants from selling the same under execution against

a former owner.   Judgment for defendants, and plaintiff appeals.

*S. M. Weaver*, for appellant.

*Ladd* and *Peterson*, for appellee.

SEEVERS, J.—I. The validity of the tax deed depends upon the question whether redemption was made prior to the expiration of ninty days after completed service of the notice required by section 894 of the Code. The notice was by publication in a newspaper, and the service was completed by making the required affidavit, on the 25th day of August, 1880, and filing the same in the office of the county treasurer.   The redemption is claimed to have been made on the 24th day of November, 1880, which was ninety-one days after the completed service of the notice.   The deed, however, was not executed until the 27th day of November, 1880.   But the right to redeem expired on the 23d day of November, 1880, whether the deed was executed then or not.   *Pearson v. Robinson*, 44 Iowa, 413.   The deed is *prima facie* evidence that the notice had been properly and sufficiently served on the right person.   Code, § 897, *Reed v. Thompson*, 56 Id., 455.   This being so, the burden is on the defendant to show that it was not so served.   The statute requires the notice to be served "upon the person in possession of the land, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided by law for the service of original notices."   Code, § 894.

*1. TAX SALE: redemption from : when right expires.*

*2. ——: notice to redeem on person in possession : what constitutes possession.*

Under the foregoing, if the person in possession, or to whom the land is taxed at the time the notice is served, resides in the county, the notice must be personally served on him; but if he is a non-resident of the county, the service may be made by publication in a newspaper.   In the case at bar, the notice was served by publication only.   It is insisted

that this is insufficient, because one Dennison was in possession, and the land was taxed to him at the time the notice was served as above stated. We are unable to find that there is any evidence tending to show to whom the land was taxed in August, 1880. The evidence as to any one being in possession of the land is as follows: "One Dennison owned the land at the time it was sold for taxes, and he then, and has ever since, resided in the county in which the land is situated. Dennison bought the land for a wood lot; he got his wood there for several years, and conveyed the land back to Warren. No one lived on the land  *  *. It is unfenced brush land—timber has been taken off. No one saw Dennison on the land, but he was seen hauling wood therefrom. It never was occupied nor used by any one except for the timber, and since that has been taken off nothing has been done on it." When Dennison ceased to take wood or timber from the land does not certainly appear. The land was evidently unsuitable for cultivation, and was used for and as a timber lot. The possession of Dennison was such as is usual in such cases. He took timber therefrom from time to time as he desired, and such use, occupation and possession was, we think, sufficient to put any one on inquiry as to why or under what right the possession was claimed. As Dennison was in possession at the time the land was sold for taxes, and he was then the owner, his possession must be presumed to have continued until the contrary appears. We think it sufficiently appears that Dennison was in possession at the time the foregoing notice was published, and that, as he was a resident of the county, it should have been served on him. Because it was not, the right of redemption was not cut off.

II. The defendants claim that the redemption was made by Otis Warren, administrator. The county auditor was a witness, and a record or book containing the redemption from 3. EVIDENCE: "stub" of redemption certificate: ex parte entry thereon. tax sales was brought into court by him, and the defendants offered in evidence the "stub" of a redemption certificate describing the land in controversy. This evidence is objected to as incompetent, and be-

cause it is a record not known to the law. But we think otherwise. It is a "record belonging to the office of the county auditor," and is by statute made evidence of the matters stated therein. Code, § 905. The "stub" so introduced shows that redemption had been made by Otis Warren, administrator. Across the face of the stub there was written the following: "This redemption canceled by reason of the time specified by the Code of Iowa having expired, and that fact not noticed by me at the time redemption was made or being made." This was signed by the county auditor, and is dated three days after the redemption was made. It is evident that the party making the redemption is not bound by this action of the auditor, unless he or his agent acquiesced therein and surrendered the certificate and received the money paid as for redemption. We find the fact to be from the evidence that the certificate was not returned or the money refunded.

The evidence shows that Isaiah Warren at one time owned the land, and he conveyed to Dennison, who executed a mortgage to Isaiah Warren to secure the purchase money. At the time redemption was made, the mortgage was in force and unpaid. The mortgage was introduced in evidence. The evidence shows that Isaiah Warren is dead, and Otis Warren is his administrator. It is ob-

4. ———;
secondary
sufficient    jected that this evidence is insufficient to prove the
when not ob-
jected to.   fact of the death of Isaiah Warren, or that Otis Warren is administrator. But as no objection was made to the evidence introduced in the court below, we think the objection now made that it is not the best evidence comes too late. Of course, any one who knows the fact of the death of a person may testify thereto; and a witness testified that Isaiah Warren had been dead for several years. If an objection had been made, there was record evidence of the appointment of an administrator. The defendants might have been

able to bring in the record. Otis Warren, administrator of 5. TAX SALE: Isaiah Warren, had the right to redeem because redemption by mortgagee. of his mortgage interest in the real estate, and we find that he did so.

III. The defendants are judgment creditors of Dennison, and this judgment is a lien on the land. The redemption 6. ——: re- made by Warren will inure to their benefit. demption by one of several When the redemption was made, the title and lien holders inures to benefit of all. liens on the land thereafter stood and existed in the same manner as though no sale for delinquent taxes had ever been made.

AFFIRMED.