## NYCUM v. RAYMOND.

1. **Tax Sale and Deed:** NOTICE TO REDEEM: MISTAKE IN SPELLING NAME: SAME SOUND. Where a notice to redeem from a tax sale was directed to " Corless " instead of " Corlis," the person to whom the land was taxed, *held* that the variance was immaterial, as the sound of the two names is the same.

2. ———: ———: AFFIDAVIT OF SERVICE: NEWSPAPER " PUBLISHED " IN COUNTY. The statute ( Code, § 894) provides that service of notice to redeem from a tax sale may be made " by publishing the same in some newspaper *printed* in the county in which the land is situated." *Held* that an affidavit of the publication of such notice in a newspaper *published* in the proper county was sufficient,—" published " being equivalent to " printed," as used in the statute.

*Appeal from Kossuth District Court.*

THURSDAY, OCTOBER 27.

ACTION to redeem from a sale of real estate for delinquent taxes, and to determine the title to such real estate. Judgment for the defendant, and the plaintiff appeals.

*Geo. E. Clarke,* for appellant.

*E. B. Soper* and *A. F. Call,* for appellee.

SEEVERS, J.—The defendant claims title to the real estate in controversy under a tax deed, and the plaintiff claims the same to be invalid upon two grounds.

I. The land was taxed to " H. Corlis," and the expiration notice was directed to " H. Corless," and, because of such difference, it is claimed the conveyance under which the defendant claims is voidable, at least. But we think otherwise. There is no perceptible difference in the sound of " Corless " and " Corlis." The names are the same, spelled slightly differently; but to our minds it seems clear that the sound is precisely the same. The notice, therefore, is sufficient.

1. TAX sale and deed: notice to redeem: mistake in spelling name: same sound.

II. It is next objected that the proof of the publication of the notice is not sufficient, because it is not shown that the newspaper was printed in the county in which the land is situated. It is provided by statute that service of the expiration notice may be made " by publishing the same in some newspaper printed " in the county in which the land is situated. (Code, § 894.) It is further provided, in the same section, that proof of the service of the notice may be made by affidavit. The material portion of such affidavit is as follows:

2. —— : ——— : affidavit of service: newspaper "published" in county.

*State of Iowa, Kossuth County—ss.:* I, V. H. Stough, being first duly sworn, say that I am the agent of S. R. Raymond, the holder of the certificate of purchase described in

the foregoing notice, and that I served the same on the said H. Corless,   \*   \*   \*   by causing the same to be published in the Algona Republican, a weekly newspaper published in said county, for three consecutive weeks. \*   \*   \* "

It clearly appears that the notice was published in the Algona Republican, a weekly newspaper published in Kossuth county. This is sufficient, unless it must appear in words that the newspaper was printed in said county. The statute seems to require that the notice shall be published in a newspaper printed in the proper county. It is true that there may be a publication in the county, although the newspaper may not actually be printed there. But when it is said a newspaper is published in any place, it is meant and intended that it is actually printed in such place. The affidavit of proof of service is sufficient, for the reason that the word "published," as used therein, means precisely what the statute requires, and that is, that the newspaper was printed in Kossuth county.      Affirmed.