## BRADLEY v. BROWN.

Tax Sale and Deed: NOTICE TO REDEEM: SERVICE ON TENANT. The requirement of section 894 of the Code, that a notice to redeem land from tax sale must be served upon the person in possession, in order to cut off the right to redeem, is peremptory; so that in this case, where the notice was personally served on the owner, the only person who had the right to redeem, *held* that it did not cut off that right, because it was not also served upon his tenant in possession. (See cases cited in opinion.) [REED, J., *dissenting.*]

*Appeal from Wayne District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 8, 1888.

THIS is an action in equity, and involves the validity of a tax title to eighty acres of land. There was a decree for the plaintiff, and defendant appeals.

*T. M. Stuart,* for appellant.

*H. Tannehill* and *T. M. Fee,* for appellee.

ROTHROCK, J.—It appears that the plaintiff is the holder of the patent title to the land. The defendant claims title under a tax deed made in pursuance of a sale for taxes on the second day of October, 1882, for the delinquent taxes for the year 1881. At the time the notice of the expiration of redemption was served, one Cynthia Bills was in the actual possession of the land, and no notice was at any time served upon her. This is a conceded fact in the case, and as we think the rights of the parties depend upon this omission to give notice, no other question need be considered. It is provided by section 894 of the Code that "after the expiration of two years and nine months after the date of the sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in

Bradley v. Brown.

possession of such land or town lot, and also upon the person in whose name the same is taxed, * * * a notice * * * stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire and a deed for said land be made unless redemption from such sale be made within ninety days from the completed service thereof." Said section further provides that "until ninety days after the service of said notice the right of redemption from such sale shall not expire." Counsel for defendant claims that the right of redemption did expire, notwithstanding the provisions of the statute, because notice was served upon the plaintiff, who was the owner and the person in whose name the land was taxed. It is urged that the object of the statute is to give notice to the owner that his land has been sold, and that when notice is given to him a notice to his tenant in possession of the land would be superfluous and unnecessary. We cannot concur in the views of counsel. It appears to us to be contrary to the spirit of all the decisions of this court with reference to the service of the expiration of redemption notice, and proof of such service, from the case of *Am. Missionary Ass'n v. Smith*, 59 Iowa, 704, to the present time. In *Hillyer v. Farneman*, 65 Iowa 227, where the land was by mistake taxed in a wrong name, and the notice was by publication, we held that the notice should have been directed to the person in whose name the land was taxed, and that if addressed to another, though that other be the real owner, the tax deed made in pursuance of such notice was invalid. The requirement of the statute appears to us to be absolute. It is one of the steps necessary to be taken to cut off the right of redemption, and courts have no power nor authority to dispense with the positive requirements of the statute upon the ground that they are unnecessary.

We think the district court correctly held that the plaintiff's right of redemption had not expired.

AFFIRMED.

REED, J., ( *dissenting.* ) The notice to redeem was served on plaintiff personally. He was the owner of the

property, and is the only person who was entitled to redeem from the sale, and the only one who had any interest to be protected by the redemption. Bills was in possession, it is true, but he had no interest in the property, and was under no obligation to redeem it. The holding of the majority is that plaintiff's right of redemption has not expired, for the reason that the notice was not also served upon Bills. That conclusion is reached by considering merely the language of the statute, while disregarding its spirit and purpose. But that is neither a safe nor a sound rule of construction. The legislature is presumed to have had some object in view when the statute was enacted, and to have enacted it with the view of effecting that object. The manifest purpose of the statute is to secure to the one entitled to redeem property which has been sold for taxes such notice of the sale, and the time when the right to redeem will expire, as will afford him an opportunity to exercise that right. The requirement that the notice shall be served on the one in possession, and on the one to whom the property is taxed, prescribes simply a mode of accomplishing that object. The proceeding is upon the theory that there is a presumption either that the persons served are entitled to redeem, or that by serving them the information contained in the notice will be communicated to the one who is entitled to redeem. To hold otherwise is to say that the statute requires the doing of a vain and useless thing; for of what possible avail is the mere service of the notice to redeem on one who has no interest which would entitle him to redeem and who would not be permitted to redeem if he were to make the attempt. When the one entitled to redeem is personally notified, then the purpose of the statute is accomplished. He may proceed to make the redemption within the time specified, and if he neglects to do so he ought not to be heard thereafter to question the deed on the ground that the notice was not also served upon some other person who had no interest in the property or right to make redemption.