CALLANAN *et al.* v. RAYMOND.

**Tax Sale and Deed:** NOTICE TO REDEEM: WHO ENTITLED TO: PERSON IN POSSESSION. Where at the time of giving notice to redeem land from a tax sale there was no one residing upon the land, but it was taxed to A., and C. held a contract for its purchase, but B. had a crop of corn growing on a small portion thereof, and otherwise it was not improved, *held* that service of the notice on B. was necessary to a valid tax deed; he being in possession in contemplation of the statute, even though he was not on or near the land at the time; and that it was immaterial whether or not he had any right to raise the corn on the land. (*Stoddard v. Sloan*, 65 Iowa, 681, *distinguished*).

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

FILED, OCTOBER 3, 1888.

ACTION to redeem land sold for delinquent taxes, and to quiet the title thereto in plaintiff. The cause was tried to the court, and a decree rendered in favor of plaintiff. The defendant appeals.

*Clarke & Call*, for appellant.

*H. E. Long*, for appellees.

ROBINSON, J.—On the third day of November, 1879, the east half of the southwest quarter of section 13, in township 99, range 28, in Kossuth county, was sold for the delinquent taxes of 1878. The certificate of sale was assigned to defendant, and a treasurer's deed issued thereon, and recorded on the first day of December, 1882. The evidence shows that on the eighth day of May, 1878, the American Emigrant Company, then owning this land, contracted to sell the same to one Elias Curtis. During 1880, Curtis broke thirteen acres

of it, and then went to Minnesota, where he remained until the fall of 1886. G. R. Bruns farmed the land in 1882, raising a crop of corn, which was taken off in October of that year. The contract with Curtis was cancelled on the first day of December, 1885, for a failure to comply with its terms. The right of plaintiffs to redeem in this action, in case defendant's title is insufficient, is not questioned. Plaintiffs allege that the deed to defendant is void, because no notice of the expiration of the time of redemption was served upon Bruns. It seems to be conceded that such notice was not served upon Bruns; but it is insisted by appellant that it was not required, because Bruns was a trespasser, who had taken possession of the land without any right or claim of right, and because he was not in possession when the deed was executed. Notice was required in this case, because the land was assessed and taxed in the name of George M. Bartholomew. Notice was given to Bartholomew in August, 1882. If at that time the land was in possession of any one, the law required the notice to be served on him, even though he abandoned it before the deed was issued. The question to be determined, then, is whether Bruns had such possession of the land in August as made it necessary to serve him with notice. Appellant insists that he was a mere trespasser, but we find no evidence to that effect. It is true that Curtis, who held a contract for the land, was in Minnesota, but we cannot presume from that fact that Bruns was a wrong-doer. The question of Bruns' right to farm the land does not seem to us to be material. If he was in possession when the notice was given it should have been served on him. Appellant insists that there is no evidence that any one was in possession of the land in August, 1882. There were no buildings on the land at that time, and it is not shown that Bruns was on or near it during that month. But it does appear that his crop of corn was then growing upon it, and that was evidence and notice of possession of a satisfactory kind, and sufficient to make it necessary to serve him with the statutory notice. It was not necessary for him to reside upon the land,

nor to be upon it when the notice was given. His grow-
ing crop was a continual assertion of possession. It is
said, however, that appellant had a right to presume
that the crop belonged to the one who, according to the
record, owned the land. But the possession contem-
plated by the statute is actual, as distinguished from
that which the record might show. The case of *Stod-
dard v. Sloan*, 65 Iowa, 681, does not announce a con-
trary doctrine. In that case the acts relied upon as
showing possession were not performed with a view of
taking possession, nor asserting ownership, nor improv-
ing the land. For failure to serve Bruns with notice,
defendant's deed must be set aside. Other questions
discussed by counsel need not be considered, as they are
not material to the conclusion we reach. The decree of
the district court is                         AFFIRMED.