H. M. MURPHY, Appellee, v. LLOYD H. HATTER et al., Appellants.

No. 45122.

MARCH 12, 1940.

A. G. Hess and Shull & Stilwill, for appellant.

Gill & Gill and J. L. Mulhall, for appellee.

RICHARDS, J.—A tax deed issued to plaintiff on December 28, 1938. On January 2, 1939, he commenced this suit, praying that his tax title be established and quieted against the defendants. The tax deed purported to convey a residence lot in Sioux City. The improvements included a five-room modern cottage and a garage. The street in front was paved. Defendant Lloyd H. Hatter, husband of defendant Hilda C. Hatter, had owned the property since its purchase by him in 1920 for $3,500. Defendant Morningside Savings Bank had held an $1,800 recorded mortgage on the lot since December 9, 1924. Originally due in 5 years the mortgage was subsequently extended to December 9, 1939. At the time of the trial it was neither paid nor released of record. Defendants filed answers containing certain denials as well as affirmative defenses. A trial being had, a decree was entered granting plaintiff the relief he prayed with costs. Therefrom the defendants have appealed.

One defense urged was that the period for redemption from the tax sale had not been terminated, for the reason the notice of expiration given by plaintiff had not been served "upon the person in possession of said real estate" as required by section 7279, Code 1935. Additional to this defense the answer of Lloyd H. Hatter contained a tender of $396.28 for the purpose of making redemption, and before trial that amount was deposited by him in the hands of the clerk of the court together with the costs of issuance and recording of the tax deed and all costs in the case to the date of the tender. Defendants prayed an order to the end that redemption be made and plaintiff's petition dismissed.

The facts on which this defense depends are the following: Ernest Verts and Marguerite Verts had been tenants of the real estate involved and in actual possession and occupancy continuously after October 1937, and up to the day of the trial. The notice of expiration of time for redemption was addressed to "Ernest Vertz, party in possession" and was served on him in September 1938. It was neither addressed to nor served on any other person in possession. But the record shows that in October 1937, Marguerite Verts and her husband, Ernest Verts, had made the arrangements for renting the premises from Lloyd H. Hatter. We quote from the testimony of Marguerite Verts:

"My husband and I rented it together. I was with my husband when we went down to rent the house from Mr. Hatter. I took part in the arrangements for renting the house, and agreeing upon the rent, and the repairs that were to be put in the house. We agreed to pay $21.00 per month rent, and have paid $21.00 per month ever since. The rent has been paid out of my check. I pay it out of my salary at Davidson's, and that has been true ever since we lived in the house. Mr. Verts uses his income in taking care of other family expenses." At the time Ernest Verts and Marguerite Verts rented the premises in October 1937, and during a period of 8 years prior thereto, each of them had a separate occupation. They continued to pursue those occupations during their tenancy of the premises. Ernest Verts' employment was in a greenhouse. Marguerite Verts was employed at Davidson Brothers in Sioux City. Ordinarily during the daytime no one was in the home. There were no other members of the Verts family.

From this showing that is undisputed it is apparent that, at the time the notice in question was served, Marguerite Verts was a tenant of the premises in the same measure as was her husband, Ernest Verts, and being such tenant in actual possession she was a person upon whom the statute required service of the notice. The relationship of husband and wife, existing between Ernest Verts and Marguerite Verts, does not change these facts. Plaintiff thinks it does. In argument he first relegates Marguerite Verts to the status of housekeeper for Ernest Verts, and then stopping there plaintiff thinks he has arrived at the conclusion that because Marguerite Verts was but a housekeeper it was Ernest Verts, not she, who was in possession. Plaintiff cites Rowland v. Brown, 75 Iowa 679, 681, 37 N. W. 403, 404, as sustaining his theory. But in that case the determining facts with reference to the housekeeper on whom the notice of expiration was not served are thus stated in the opinion:

"The material inquiry is, was she in possession of the property, either alone or in connection with another, within the provision of the statute we have quoted? The possession contemplated by this provision is actual and not constructive. It involves the occupying and controlling of the land, and not a mere residence upon it. It will be noticed that no claim is

made that Nellie had any control over the premises, nor any interest therein, as resulting from her residence thereon. She appears to have been a member of the family of her brother, for the purpose of serving him as a housekeeper. He rented the land from his brother, and not from Nellie, and occupied it for his own use and benefit. His stock was pastured on the land, and he seems to have been the only one who had a right to occupy, use and control it when the notice was served.''

Under such facts it was held in the cited case that notice to the lady who was on the farm solely in the capacity of a housekeeper was not required. But obviously in the instant case Marguerite Verts was a tenant, had a right to occupy, use and control the premises as lessee, and was exercising those rights. The Rowland case is not in point. And it is to be noted that in interpreting section 7279, Code 1935, our holdings have been that its requirements appear to be absolute. It provides one of the steps necessary to be taken to cut off the right of redemption, and courts are without power or authority to dispense with these positive requirements upon the ground that they are unnecessary. Bradely v. Brown, 75 Iowa 180, 39 N. W. 258. The right of redemption from a sale will be liberally construed in favor of the taxpayer. Fidelity Inv. Co. v. White, 208 Iowa 519, 223 N. W. 884, 225 N. W. 868; Smith v. Huber, 224 Iowa 817, 277 N. W. 557, 115 A. L. R. 131. Section 7282, Code 1935, provides that ''* * * the right of redemption shall not expire until ninety days after service is complete.'' By reason of the facts in this case the service had not been completed because notice was not served on Marguerite Verts. Lloyd H. Hatter's right to redeem had not expired. The court erred in holding that he was not entitled to make the redemption in the manner that has been mentioned. Other defenses urged need not be discussed. The decree of the district court is reversed and the cause remanded for decree consistent with this decision.—Reversed and remanded.

HALE, OLIVER, SAGER, BLISS, and STIGER, JJ., concur.

HAMILTON, C. J., and MITCHELL and MILLER, JJ., dissent.