**Frank M. KROHN, Jr., Appellant,**

v.

**JUDICIAL MAGISTRATE APPOINTING COMMISSION, Appellee.**

No. 2–57182.

Supreme Court of Iowa.

March 17, 1976.

Frank M. Krohn, Newton, for appellant.

Korf, Diehl, Clayton & Cleverley, Newton, for appellee.

Submitted to MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The controlling question in this appeal is whether the soldiers preference act applies to the appointment of judicial magistrates. If not the parties agree the action of the trial court must be affirmed. We hold the act has no such application and affirm the trial court. In doing so we pass other serious questions raised by the judicial magistrate appointing commission (the commission) and addressed to the sufficiency of petitioner's assertions.

Frank Krohn, Jr. (petitioner) applied for the office of full time magistrate in Jasper County. Another candidate was appointed

to the office. Both applicants were attorneys practicing within the county. Petitioner pled and we assume he, unlike the successful candidate, was a veteran of a war listed in § 70.1, The Code. In considering this appeal we assume also the truth of his assertion he possessed qualifications equal to the successful candidate.

■ Under § 70.5, The Code, petitioner thereafter appealed to district court. In resisting, the appointing commission asserted, among other things, chapter 70, The Code (the soldiers preference law), has no application to the appointment of judicial magistrates. The trial court did not reach this ground but dismissed the appeal for other reasons. However we may affirm the ruling on a proper ground urged but not relied upon by the trial court. *Kelly v. Brewer*, 239 N.W.2d 109 (Iowa 1976); *McCarthy v. J. P. Cullen & Son Corp.*, 199 N.W.2d 362, 373 (Iowa 1972); *Stover v. Central Broadcasting Co.*, 247 Iowa 1325, 1330–1331, 78 N.W.2d 1, 4 (1956). See also 5 Am.Jur.2d, Appeal and Error, § 727, pp. 170–171.

I. Section 70.1, The Code, provides:

"In every public department and upon all public works in the state, and of the counties, cities, and school corporations thereof, honorably discharged men and women from the military or naval forces of the United States in any war in which the United States was or is now engaged * * * who are citizens and residents of this state shall be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications. * * *."

■ The selection and appointment of judicial magistrates is prescribed in §§ 602.-43–602.52, The Code. The only preference now specifically mentioned was not in effect at the time of trial in district court. It is a preference to be given licensed lawyers over nonlawyers. Section 602.52, The Code, 1975. Preference statutes such as ours generally, though not always, apply to minor or subordinate offices or employment. 77 Am.

Jur.2d, Veterans, § 122, p. 1038. See Annot., 58 A.L.R.2d 960.

Petitioner relies principally upon our cases which hold the soldiers preference act is to be liberally construed. *Geyer v. Triplett*, 237 Iowa 664, 22 N.W.2d 329 (1946); *Tusant v. City of Des Moines*, 231 Iowa 116, 300 N.W. 690 (1941). He points especially to *Maddy v. City Council*, 226 Iowa 941, 285 N.W. 208 (1939). Maddy was a veteran who sought the position of police judge. In a later case we explained the question of whether or not the office of police judge was covered by the soldiers preference law had not been involved in the *Maddy* decision. *Tusant*, supra, 231 Iowa at 125, 300 N.W. at 695.

The commission relies most heavily upon our opinion in *Tusant*, pointing to the following language:

"Plaintiff further urges that the soldiers' preference law applies to all appointments, in every public department of Iowa cities, citing a number of cases as to the application of the statute involving various positions such as janitor at the statehouse and at the courthouse, policeman, yard man at the state capitol. These cases are not persuasive since there can be no question that the law was intended to apply to the positions mentioned therein. * * *

"Plaintiff devotes considerable time to his claim that the act is unambiguous and admits of no judicial construction, and that since the [office sought] is not expressly excluded from the benefits of the statute he must be included. It is the duty of the court in construing a statute of this kind not only to determine the meaning but to determine the application, and in this we must be guided by what we hold to be the intent of the legislature. We say and know that *the statute was not intended to cover every office or position, appointive or otherwise, for there are express exceptions in the statute.* No one can deny that it has a good and useful object, and that it has been beneficial to the persons for whom it was enacted. That they are entitled to such

preference as can be given under the statutes is beyond question. But equally, *no one would go so far as to say that there should be a preference for every position.* That a veteran's service has tended to increase his qualifications may not be disputed, but *the lawmakers of the state realized that there must be some discretion exercised by the appointing officers as to certain positions requiring discretion and judgment.* * * *" (Emphasis added.) 231 Iowa at 125–126, 300 N.W. at 695.

Although the provisions of the soldiers preference law are to be liberally construed they should yield to the power to select members of the judiciary. A magistrate in Iowa is a judicial officer who is called upon to perform discretionary and judgmental functions of great importance. Section 602.60, The Code. To hold the soldiers preference law applicable to appointment for the office would inappropriately limit and restrict the options of the commission in appointing judicial magistrates under § 602.50, The Code. We do not believe the legislature intended chapter 70 to be applicable when it later enacted the provisions of chapter 602 prescribing the selection of judicial magistrates.

We hold chapter 70 does not apply to the selection of judicial magistrates.

AFFIRMED.