**Agnes PENDERGAST, Individually, and Agnes Pendergast, as Executor of the Estate of Edward F. Pendergast, Appellees,**

v.

**David DAVENPORT and Lori J. Davenport, Appellants.**

**David DAVENPORT, Cross-Petitioner,**

v.

**CITY OF SIOUX CITY, Iowa, A Municipal Corporation, et al., Defendants to Cross-Petition.**

No. 84–796.

Supreme Court of Iowa.

Oct. 16, 1985.

Larry A. Storm of Bikakis, Heubaum, Vohs & Storm, Sioux City, for appellants.

Joe Cosgrove and Frank Cosgrove of Yaneff & Cosgrove, Sioux City, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

This is an appeal from a trial court ruling that set aside and declared void a tax deed issued by the Woodbury County treasurer to David Davenport. Agnes Pendergast (Agnes), individually and as executor of the estate of her deceased husband, Edward Pendergast, commenced this action in equity against David Davenport to nullify the tax deed. Later, Agnes amended her petition to include Davenport's wife, Lori. David Davenport filed a counterclaim requesting that his title to the premises be quieted and additionally filed a cross-petition against the City of Sioux City, Iowa, requesting the same relief. The trial court decision resulted in a judgment and decree in favor of Agnes and a dismissal of the Davenports' quiet title action. Following this appeal by the Davenports, Agnes filed a cross-appeal but she has sought no affirmative relief in her brief. The city has neither appeared nor participated in this appeal.

In our de novo review we observe that most of the facts were stipulated at trial. The real estate which is the subject of this controversy, three adjoining city lots, was owned by Edward Pendergast at the time of his death in 1974. Edward Pendergast's will was admitted to probate in December 1974, and Agnes was appointed executrix of the estate. She was named the sole beneficiary under Edward's will and at the time of this trial the estate was still pending.

The property had been in the Pendergast family for many years and Edward lived there with his mother and two sisters until he married Agnes. The house on the property was demolished after a flood in 1955 or 1956. In 1958 Edward Pendergast leased the property to a third party for a term of 20 years and the tenants erected a building on the property to house a restaurant. After the lease terminated in 1978 the building was no longer occupied.

Thereafter, the city notified Agnes that the building was a nuisance and she had it removed. In 1980 the city cleaned up debris and weeds on the property that remained after removal and assessed her $465 as its costs. Later, Agnes listed the property for sale with a real estate broker, who in 1981 placed a "For Sale" sign on the premises which remained on the property until October 21, 1982. On September 21, 1982, the broker sent Agnes a proposed purchase agreement subject to certain contingencies, but the parties could not reach an agreement. In 1978 Agnes orally gave the telephone company permission to continue to have a pay telephone on the premises; the telephone had been on the property for a number of years. Agnes received monthly payments from the telephone company through December of 1983.

Taxes on the property for the taxable periods ending in 1978, 1979, and 1980 were not paid. On June 15, 1981, the property was sold to Woodbury County at a scavenger's tax sale for nonpayment of taxes under the provisions of Iowa Code section 446.18. A certificate of purchase was issued to the county. On May 21, 1982, notice of expiration for the time of redemption was served on Agnes and the City of Sioux City. The notice was "To Edward F. Pendergast Estate, Agnes Pendergast, heir, party to whom taxed; no party in possession; City of Sioux City, Iowa." It indicated that a treasurer's tax deed for the property would be issued "unless redemption from such sale be made within ninety days from the date of completed service of this notice." Each of these transactions treated the combined lots as a unit rather than individually.

The county treasurer filed the affidavit of service on June 25, 1982, and entered it on the sale book. *See* Iowa Code §§ 447.-12, .13. On September 23, 1982, David Davenport purchased by assignment the certificate of purchase from Woodbury County for $2,860, the amount of the consolidated tax plus interest and costs. A treasurer's tax deed was issued to Davenport on September 27, 1982. Davenport indicated that at that time the property had

a fair market value of between $65,000 and $75,000.

David Davenport was familiar with the property, as he had sublet the property and a building thereon for some period of time before the lease expired in 1978. Thereafter, Davenport contacted Agnes and her attorney to discuss leasing the premises but an agreement could not be reached. After 1978 Davenport paid some of the taxes on the property which were his obligation under the sublease. He was aware of the broker's sign on the property before he obtained the tax deed.

In her petition filed October 8, 1982, Agnes alleged the invalidity of the assignment and of the treasurer's deed granted to Davenport. Additionally, Agnes asserted she had tendered to Davenport the amount he paid for the certificate of purchase plus the additional taxes, penalties, accrued interest and reasonable costs of improvements he paid on the property since that time. After the trial court analyzed several issues Agnes presented, it determined that the notice served on Agnes was insufficient notice to her as a party in possession. On appeal Davenports (appellants) assert that the notice was sufficient and the trial court should have entered a judgment to quiet their title to the real estate. Although Agnes asserts on appeal that the trial court did not err in its decision, she sets out six alternative grounds for voiding the tax deed.

We disagree with the district court's determination that the notice served on Agnes was insufficient notice to her. We do, however, affirm the district court's judgment in setting aside and voiding the tax deed, but do so on a different ground. We find that notice was not served on one of the parties in possession. We need not discuss the other grounds advanced by Agnes.

I. *Notice.* The trial court determined that the notice of the expiration of right of redemption (hereinafter referred to as "notice" or "notice of redemption") served on behalf of the county treasurer was insuffi-

cient. It concluded that until service was proper, Agnes' redemption period did not expire and therefore the tax deed was void. The basis for the district court's conclusion was that Agnes was a "party in possession of the premises," she was never identified in the notice as the party to be served, and nowhere in the notice was she identified as the "party in possession."

The requirements for notice of redemption from a scavenger sale are outlined in Iowa Code section 447.9. The holder of the certificate of purchase is to serve a notice of redemption that states certain details of the scavenger sale, not in dispute in this case, and states "that the right of redemption will expire and a deed for the land be made unless redemption is made within ninety days from the completed service of the notice." § 447.9. The notice is to be served upon "the person in possession of the real estate, and also upon the person in whose name the real estate is taxed, if the person resides in the county where the land is situated." *Id.*

Appellants assert that the notice served on Agnes was sufficient. They maintain that the court erred when it added two requirements not contained in section 447.-9: 1) the notice must identify the capacity in which the party is to be served; and 2) the notice must be served on such party in such capacity.

■ As we will elaborate in the next division, the notice requirements of section 447.9 are to be strictly construed in favor of the taxpayer. If the affidavit of service required by Iowa Code section 447.12 is incomplete or insufficient, the right of redemption is not cut off and no valid tax deed can be issued. The issue we need to decide here is whether an irregularity in the salutation portion of the notice of redemption which incorrectly designated a party's capacity is subject to this rule of strict construction. Under the facts of this case, we hold it does not.

■ The language of the statute clearly indicates that the purpose of the notice is to provide information to the proper parties

concerning the facts of the sale, the description of the property, the name of the purchaser, and that the right of redemption will expire without further action. *See* Iowa Code § 447.9. While the statute designates who should be served with notice of expiration, it does not specifically require that the recipient's capacity be stated in the notice. *See id.*

■ The law contemplates that the notice of redemption should be addressed to the person intended to be served. *Steele v. Murry,* 80 Iowa 336, 338, 45 N.W. 1030, 1031 (1890). The general rule is that the notice must be addressed and framed to unequivocally disclose the party for whom it is intended and who is to be affected by the proceeding. *In re Lounsberry,* 208 Iowa 596, 601, 226 N.W. 140, 143 (1929). The requirement that the notice be addressed to the party is to ensure that due process considerations are met in that a person served is notified that the notice is intended for him or her.

■ In the instant case it is urged that the notice of redemption was insufficient because Agnes' capacity was misstated in the notice. We believe this irregularity does not invalidate the notice. Immaterial variances or defects in inscribing the recipient's name in the salutation segment of the notice of redemption do not vitiate the notice if it substantially complies with the requirements of the statute so that all parties entitled to the notice are actually afforded the notice the law requires. *White v. Moon,* 256 Iowa 470, 471–72, 127 N.W.2d 578, 579 (1964); *Peterson v. Wallace,* 140 Iowa 22, 24, 118 N.W. 37, 37 (1908); *Nycum v. Raymond,* 73 Iowa 224, 225, 34 N.W. 819, 819 (1887). Similarly, we have held that a notice addressed to a chairman in his individual capacity was valid because there was substantial compliance with a statute which required service be addressed to the chairman or presiding member of a board. *Resthaven Cemetary Association v. Board of Review of Polk County,* 249 N.W.2d 618, 621–22 (Iowa 1977).

The difference between requiring substantial compliance with the statute in addressing a notice, as opposed to our requiring absolute compliance with the specific requirements of sections 447.9 and 447.12, is best illustrated in *Petersen*. In *Petersen* we held that substantial compliance was all that was necessary in addressing the party served by the notice of redemption. 140 Iowa at 24, 118 N.W. at 37. Conversely, we applied the rule of strict compliance and invalidated the notice when the affidavit submitted as proof of service failed to follow the statutory requirement that the affidavit show under whose direction service was made. *Id.* at 24–25, 118 N.W. at 38.

We hold that a misstatement of Agnes' capacity did not deprive Agnes of notice. This notice of redemption complied with the requirements of section 447.9.

II. *Party in possession.* As an alternate ground for voiding the tax deed, Agnes urges that the real estate broker and the telephone company were both parties in possession entitled to notice of redemption under section 447.9. In addition to resisting the merits of this claim, appellants assert this issue was not presented at trial. We will limit our discussion to the telephone company.

A. *Error preservation.* Appellants assert that Agnes did not make this claim at trial and consequently cannot raise this issue on appeal. Although we agree with appellants that we only consider those issues raised and presented at trial, we do not agree that this issue was not before the trial court.

■ In addressing the issue of error preservation we first examine the pleadings and proceedings before the trial court. In her petition Agnes alleged the "deed is invalid by reason of the fact that the period of redemption has not expired." When the statutory notice of redemption is not given to a person in possession the right of redemption does not expire. *Murphy v. Hatter,* 227 Iowa 1286, 1289, 290 N.W. 695, 697 (1940); *Smith v. Huber,* 224 Iowa 817, 823, 277 N.W. 557, 560 (1938); *Ellsworth v. Low, Adams & French,* 62 Iowa 178, 179–

80, 17 N.W. 450, 451 (1883). Does this pleading raise an issue concerning the necessity of notice to the telephone company?

■ Under our notice pleading requirements, Iowa Rule of Civil Procedure 69(a), the pleader is not required to identify specific theories of recovery; the petition need only apprise the opposing parties of the incident giving rise to the claim and of the general nature of the action. *Soike v. Evan Matthews & Co.,* 302 N.W.2d 841, 842 (Iowa 1981). This does not mean that a party may not be limited to a specific theory of recovery when he limits his pleading or his presentation to the court to certain exclusive theories. *Tigges v. City of Ames,* 356 N.W.2d 503, 507 (Iowa 1984).

While Agnes alleged in her trial petition that she was the party in possession and thus entitled to notice, she did not allege that she was the sole party in possession. When the district court addressed the issue of whether anyone else was in possession of the property it found the public telephone gave notice "that someone was performing a business function on the premises." The trial court went on to conclude that Agnes was in possession without deciding whether the telephone company was also in possession and required to be served notice of redemption. Under the district court's conclusion it was unnecessary to reach this latter point.

■ Our case law recognizes that more than one person may be in possession of the property and entitled to notice of redemption. *Thompson v. Chambers,* 229 Iowa 1265, 1272–73, 296 N.W. 380, 384 (1941) (a neighbor who went every other day to the house in an attempt to exterminate vermin and another neighbor, tenant of the barn on the premises, were both deemed to be in possession and each entitled to notice of redemption); *Murphy,* 227 Iowa at 1288–89, 290 N.W. at 696–97 (notice of redemption was insufficient when husband and wife were both tenants and only husband was served with notice of expiration); *Hintrager v. McElhinny,* 112 Iowa 325, 331, 82 N.W. 1008, 1010 (1900)

(when only one of five persons in possession was served with notice of redemption the requirements of the statute were not met).

■ In construing the pleadings broadly, Agnes was free to urge that the telephone company was also entitled to notice. The district court discussed in detail whether anyone was in possession and referred to the phone business conducted on the premises. The district court simply did not decide whether the telephone company needed to be given notice.

■ The district court's failure to address this ground does not preclude our adopting it, however. In our de novo review, we will affirm if there is a proper basis for the decree entered by the trial court, even if the reason we deem controlling is different than that which the trial court relied. *Israel v. Farmers Mutual Insurance Corporation of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983). We may uphold a ruling of the trial court on a proper ground urged in the record, but not relied on by the trial court. *State ex rel. Miller v. National Farmers Organization,* 278 N.W.2d 905, 906 (Iowa 1979); *Krohn v. Judicial Magistrate Appointing Commission,* 239 N.W.2d 562, 563 (Iowa 1976). Consequently, we consider the issue on appeal.

B. *Telephone company in possession.* Section 447.9 provides that notice of redemption must be served upon "the person in possession of the real estate." The issue presented then is whether the telephone company was a "person in possession" entitled to notice of redemption.

According to a county employee if the county's computer showed a tax assessment for a structure on the property, steps would be taken to ascertain who was in possession of the structure. If there was no tax assessment for a structure it was assumed that no one was in possession and the county would make no further inquiry or search for parties in possession. This approach is not in accord with our case law which indicates that a bare lot or acreage

may have a person in possession entitled to notice of redemption. *Callanan v. Raymond,* 75 Iowa 307, 308, 39 N.W. 511, 512 (1888) (one growing a corn crop on farmland entitled to notice); *Sapp v. Walker,* 66 Iowa 497, 498–99, 24 N.W. 13, 14 (1885) (notice required on plaintiff who demonstrated possession of empty city lot by cutting weeds and hauling dirt from the property); *Ellsworth,* 62 Iowa at 180, 17 N.W. at 451 (notice required to one removing timber from an uncultivated wood lot).

Rather than define the term "possession," our case law refers to conduct that gives notice to the holder of the certificate of purchase in determining whether a party is in possession. In *Burks v. Hedinger,* 167 N.W.2d 650, 655 (Iowa 1969), we stated: "[W]here possession is such as to put the tax purchaser on inquiry as to why or under what right the possession is claimed it is deemed sufficient in a case of this kind." *See also Thompson,* 229 Iowa at 1273, 296 N.W. at 384 (cases summarized which indicate what acts and facts demonstrate possession). In determining possession one may not presume that the owner is in possession as the possession "contemplated by the statute is actual, as distinguished from that which the record might show." *Callanan,* 75 Iowa at 309, 39 N.W. at 512.

With these principles in mind, we turn to the facts in the present case. In our review we find that the county treasurer and appellant, as assignee of the certificate of purchase from the treasurer, were put on inquiry notice as to the telephone company being in possession of the property. The structure for the phone station, a drive-up public pay telephone, had been on the premises some years before 1978. The telephone company erected a structure on the property which consisted of a post set into a concrete base that was three feet wide, two feet deep and approximately one and a half feet above ground. The pay telephone was readily visible, it was six feet from the property line and next to the street. From the nature of the phone station and its position on the property, anyone inspecting the premises would obvious-

ly conclude that the telephone company was conducting a business on the property and had the exclusive right to use and occupy at least the three feet of property where the phone station was located. This possession was under an oral agreement with Agnes, who received a monthly percentage of the amount deposited in the pay telephone.

From these facts we conclude that the telephone company was in sufficient possession of the property to import notice to the county treasurer and appellants that the company was exercising possession over part of the premises. In *Burks* we held that when property was taxed to a deceased owner whose estate was not probated, the heirs of the deceased could have the tax deed voided because a divorced husband of one of the heirs had piled lumber on the property. 167 N.W.2d at 655. This use put the tax purchaser on notice of the divorced husband's possession and required he be given notice of redemption. *Id.* The telephone company's use of the premises put the tax deed purchaser on inquiry as to the company's right of possession. The visibility of the phone station is comparable to the use of the barn in *Thompson* and growing a corn crop in *Callanan.* We hold the telephone company was entitled to notice of redemption.

C. *Effect of failure to give notice.* We have consistently held that the requirement of serving notice of redemption is an absolute, and the statutory provisions as to notice must be strictly complied with before parties are deprived of their property. *Burks,* 167 N.W.2d at 654–55; *Thompson,* 229 Iowa at 1265, 296 N.W. at 383; *Murphy,* 227 Iowa at 1289, 290 N.W. at 696. The rights of redemption from a tax sale will be liberally construed in favor of the owner. *Galleger v. Duhigg,* 218 Iowa 521, 527, 255 N.W. 867, 870 (1934). Although the owner has been served with a notice of redemption, he or she may take advantage of the certificate of purchase holder's failure to notify a person in possession. *Burks,* 167 N.W.2d at 654; *Hintrager,* 112 Iowa at 331, 82 N.W. at 1009–

10; *Bradley v. Brown,* 75 Iowa 180, 181, 39 N.W. 258, 259 (1888). The failure to serve a party in possession prevents the service from becoming complete and the right of redemption does not expire. Even if a court sitting in equity has deemed the compliance with the statute to be substantial and further notice unnecessary, the courts have no authority to dispense with the positive requirements of the statute. *Cornoy v. Wetmore,* 92 Iowa 100, 104, 60 N.W. 245, 246 (1894). Consequently, the failure to serve notice of redemption on the telephone company prevents the period of redemption from expiring and therefore voids the tax deed that was issued.

In summary, we hold that the failure to serve notice of redemption on a party in possession of the property, the telephone company, voided the proceedings that resulted in the appellants' tax deed. The trial court correctly set aside the tax deed and dismissed appellants' action to quiet title.

AFFIRMED.

All Justices concur except McCORMICK, J., who dissents.

McCORMICK, Justice (dissenting).

Although I agree that Agnes could have asserted that the telephone company was a party in possession entitled to notice of redemption, I find no basis in the record for concluding that she ever urged such a theory in the trial court. It was not alleged in the petition, does not appear in the trial record, and is not stated in the trial court's decision. Because no other basis for affirmance is found, I would reverse the trial court.