# IN THE COURT OF APPEALS OF IOWA

No. 14-0477
Filed February 11, 2015

ADAIR HOLDINGS, L.L.C., A Nebraska
Limited Liability Company,
    Plaintiff-Appellee,

vs.

ROGER P. ESCHER, MARY J. ESCHER,
and PERSONS IN POSSESSION,
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Washington County, E. Richard

Meadows Jr., Judge.


The defendants appeal from the district court's ruling in an action to quiet

title. **REVERSED AND REMANDED WITH DIRECTIONS.**



Dennis J. Mitchell and Sean W. Wandro of Meardon, Sueppel & Downer,

P.L.C., Iowa City, for appellants.

John T. Clendenin and Colin C. Smith of Nyemaster Goode, P.C., Des

Moines, for appellee.



Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Roger and Mary Escher appeal from the district court's ruling in an action to quiet title, initiated by Adair Holdings, L.L.C. The Eschers maintain the affidavit of service was defective and invalidated the tax deed. They also maintain the district court abused its discretion by allowing the plaintiff to amend the pleadings at the commencement of trial. Finally, they contend they are entitled to equitable relief.

We conclude the scrivener's error in the notary jurat of the affidavit of service is not a defect that invalidates the tax deed. However, we determine the district court abused its discretion in allowing the plaintiff to amend the pleadings. Accordingly, we find it unnecessary to address the Eschers' claim for equitable relief. We reverse and remand with directions to dismiss without prejudice.

**I. Background Facts and Proceedings.**

The Eschers failed to pay their 2007 property taxes on the land in question. In June 2009, a non-party, Central Properties, purchased the property at a tax sale auction, paid the delinquent taxes, and received a tax sale certificate in return. It held the tax sale certificate on the property for the one year and nine months, pursuant to Iowa Code section 447.9 (2009).[1] The Eschers did not redeem the property during that period. On January 6, 2012, Central Properties served a notice of expiration of the right of redemption on the Eschers.

After serving the Eschers with the notice of expiration of the right of redemption, Central Properties filed an affidavit of service of notice with the

---

[1] The law in effect at the time of the tax sale governs this appeal. *See* Iowa Code § 447.14.

Washington County treasurer on February 10, 2012. It is undisputed the affidavit included an incorrect date in the jurat, listing the year as 2011 rather than 2012.

The filing of the affidavit of service of notice commenced the final ninety-day redemption period, pursuant to Iowa Code section 447.12. The Eschers did not redeem the property during the ninety days.

On May 10, 2012, Central Properties assigned its interest in the tax sale certificate to Adair Holdings, L.L.C., the plaintiff in this matter. The next day, the plaintiff obtained a tax deed to the property and recorded it in accordance with the law.

On July 16, 2012, the plaintiff filed a quiet title action against the Eschers. The second paragraph of the pleadings contained an incorrect legal description of the property, describing a totally different parcel of land. The correct legal description was contained in the attachments to the petition, which included the tax deed, the tax sale certificate, and the previously served notice of right to redemption.

The case was tried to the district court on October 8, 2013. At the outset of the trial, the Eschers moved to dismiss the plaintiff's petition because of the incorrect legal description in the pleadings. In response, the plaintiff moved to amend the petition to correct the legal description, and the district court granted the motion to amend.

The district court issued its findings of fact, conclusions of law, and ruling on February 11, 2014. The court ruled in favor of the plaintiff, and the Eschers appeal.

**II. Standard of Review.**

We review the district court's ruling in a quiet title action de novo. *Stecklein v. City of Cascade*, 639 N.W.2d 335, 336 (Iowa 2005). We give weight to the district court's findings, but we are not bound by them. *Id.*

We review the trial court's ruling on a motion to amend pleadings for an abuse of discretion. *See Rife v. D.T. Corner*, 641 N.W.2d 761, 766 (Iowa 2002). We will find an abuse of discretion when the court bases its decision on clearly untenable grounds or to an extent clearly unreasonable. *Id.*

**III. Discussion.**

**A. Affidavit of Service.**

The Eschers maintain the affidavit of service regarding service for the notice of right of redemption was defective. Specifically, they maintain the notary portion of the document is incorrectly dated, amounting to a defect that invalidates the tax deed.

Iowa Code section 447.12 provides, in part, "Service is complete only after an affidavit has been filed with the county treasurer, showing the making of the service, the manner of service, the time when and place where made, under whose direction the service was made, and costs incurred as provided in section 447.13." This section is "to be strictly construed in favor of the taxpayer." *Pendergast v. Davenport*, 375 N.W.2d 684, 688 (Iowa 1985). If the affidavit of service "is incomplete or insufficient, the right of redemption is not cut off and no valid tax deed can be issued." *Id.* "[T]he courts are universally inclined to hold the tax purchaser to a strict compliance with all the statutory provisions by which

the right of redemption is to be foreclosed." *Wood v. Yearous*, 140 N.W. 362, 364 (Iowa 1913).

However, there is no statutory requirement regarding the jurat of the affidavit. Here, the affidavit of service correctly stated the making of service, the manner of service, the time and place where made, under whose direction it was made, and the costs incurred. Although the affidavit of service is incorrectly notarized as February 8, 2011, rather than February 8, 2012, the affidavit meets all of the statutory requirements set forth in section 447.12. The district court found the scrivener's error contained in the jurat did not invalidate the tax deed. We agree. The notary testified that it was a scrivener's error and the date should have been February 8, 2012. An error in the date is an amendable defect that does not render the affidavit void. *See Weeks v. Nationwide General Ins. Co.*, 500 S.E.2d 620,623 (Ga. Ct. App. 1998); *see also Stone v. Miller*, 14 N.W. 781, 785 (Iowa 1882) (concluding it was proper to amend affidavits to correct an omission and clerical error; *Dalbey Bros. Lumber Co. v. Crispin*, 12 N.W.2d 277, 279 (Iowa 1943) (holding the essential purpose of affidavit is to show the affiant was sworn by recitals). Because the Eschers do not allege the body of the affidavit failed to comply with sections 447.12 and 447.13, or that it was sworn, we find no error.

**B. Motion to Amend.**

The Eschers also maintain the district court abused its discretion by granting the plaintiff's motion to amend the pleadings at the commencement of the trial. Specifically, the Eschers contend that allowing Adair Holdings to amend the pleadings to show the correct legal description of the land in question, a

different parcel, significantly changed the course of the litigation and substantially altered their defense strategy. The Eschers also rely upon Iowa Code sections 694.2 and 694.3, which require the premises to be accurately described in the petition and the notice.

A trial court has considerable discretion in ruling on motions for leave to amend pleadings. *Rife*, 641 N.W.2d at 766. Amendments may be allowed at any time before the case is finally decided, even after completion of the evidence. *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). "As long as the amendment does not substantially change the issues or defense of the case, the court should permit the amendment." *Rife*, 641 N.W.2d at 767. In fact, "[e]ven an amendment that substantially changes the issues may still be allowed if the opposing party is not prejudiced or unfairly surprised." *Id.*

The district court's written response to the defendants' resistance to the plaintiff's motion to amend stated:

> . . . . The issues presented in the case are not substantially changed by the amendment. Although the legal description of the property involved would change, the underlying issues and cause of action would remain the same. Even if the amendment could be regarded as substantially changing the issues of the case, Defendants cannot seriously argue they were prejudiced or unfairly surprised by Plaintiff's proposed amendment Attached to the Petition were the Tax Deed, the Certification of Purchase from the Washington County tax sale, and the Notice of Expiration of Right of Redemption. Both the Tax Deed and the Notice of Expiration of Right of Redemption contained the correct legal description. Additionally, the Certificate of Purchase from the Washington County tax sale contained a correct abbreviated legal description, the VIN number of the property, and a parcel number particular to the property at issue.
> Defendants came to trial adequately prepared to dispute Plaintiff's claim to the property bearing the correct legal description. In fact, all evidence presented at trial, from both sides, relates to the real property with the proper legal description. No evidence

was presented relating to the real property with the legal description listed in paragraph two of Plaintiff's Complaint. Further, Defendants did not ask for additional time to prepare due to surprise or prejudice, or even argue that they were surprised. *CF. Ackerman*, 242 N.W.2d at 345 (finding that trial court did not abuse its discretion in granting leave to amend where party claiming surprise and lack of opportunity to defend because of proposed amendment did not ask for a continuance to eliminate those problems.)

After reviewing the record, we disagree. We believe a quiet title action that references the wrong parcel of land as opposed to a minor correction or typographical error, substantially changes the issues in such a proceeding. We think the pleading and notice were deficient to the extent the motion should have been denied.

First, we are not convinced a motion to amend alleviates the failure to give notice of the action containing an accurate description of the property. *See* Iowa Code § 649.3 ("The notice in such action shall accurately describe the property, and, in general terms, the nature and extent of the plaintiff's claims, and shall be served as in other cases."). We assume our legislature intended to require ample notice to a defendant facing a quiet title action involving his or her real estate interests or claims by specifically reciting what should be in the notice. Here, the notice to quit recites the wrong description, and the original notice fails to include any of the requirements of section 649.3.

Secondly, our supreme court has noted that although a particular property description is generally not required in a petition, a statute may require it. *Hagenson v. United Tel. Co. of Iowa.*, 164 N.W.2d 853, 858 (Iowa 1969) (concluding a petition alleging trespass was not fatally descriptive for failing to reasonably describe the property). Here, section 649.2 requires a description "as

accurately as may be." "[A] description is bad which is uncertain, erroneous, or misleading." *Hangenson*, 164 N.W.2d at 858. The petition filed in this action was both erroneous and misleading because the petition and its attachments referenced two different parcels.

Third, we are not convinced that Adair Holdings was entitled to move to amend the petition particularly where it admits the legal description was in error. It is axiomatic and fundamental law that the "plaintiffs must secure a decree quieting their title on the strength of their own title and not on the weakness of the adversary." *Reutter v. Middlebrook*, 131 N.W.2d 817, 820 (Iowa 1964). Further, Iowa Code section 649.1 states that a quiet title action "may be brought by anyone whether in or out of possession, *having or claiming interest therein.*" (emphasis added). Thus, the plaintiff must claim an interest in the property identified in the petition and, to succeed, must rely on the strength of their own title. Where the wrong parcel is described in a quiet title petition, did Adair Holdings even have an interest in the property identified in the petition? If Adair Holdings did not have any interest in the property identified in the petition and upon which this action was initiated, how may we say they are entitled to amend the petition? Again, we may reach a different result if the description error was insubstantial or simply a minor typographical error.

We conclude, because this was a quiet title action and the petition described the wrong parcel of land, the issues were substantially changed. Moreover, the notice did not comply with Iowa Code section 649.3. Under these facts and for the reasons given, we are unable to conclude the motion to amend was properly granted because of lack of prejudice, unfair surprise, or the failure

to seek a continuance.  Accordingly, we conclude the district court abused its discretion in granting the plaintiff's motion to amend.

**IV. Conclusion.**

We find the scrivener's error in the notary jurat of the affidavit of service is not a defect which invalidates the tax deed, but the district court abused its discretion in allowing the plaintiff to amend the pleadings.  Accordingly, we need not address the Eschers' claim for equitable relief.  We remand with directions to the district court to enter an order in compliance with this ruling and granting the Eschers' motion to dismiss.  However, the dismissal shall be without prejudice. Costs shall be assessed to the plaintiff.

**REVERSED AND REMANDED WITH DIRECTIONS.**